FIDELITY MUTUAL LIFE ASSOCIATION v. EMMA TROY.

**1. LIFE INSURANCE—NON-PAYMENT OF PREMIUM.**

No amount of diligence on the part of the assured will excuse non-payment of premium unless some act of the insurance company or its agents, either of omission or commission, intervenes to prevent such payment.

**2. EFFORT TO PAY—MUST BE WITHIN REASONABLE HOURS.**

It would not be sufficient for assured to show, where the defense to a policy is that it was forfeited for non-payment of premium, that she "was unable to pay the same by reason of there being no one at such office to receive such payment on behalf of defendant and that she was informed that every one had gone home for the day." It should also appear that assured, knowing that the insurance company had reasonable office hours, took the premium to the office within such hours.

ERROR to the Court of Common Pleas of Hamilton county.

GIFFEN, J.

This was an action upon a life insurance policy, the defense being that the same was forfeited by non-payment of the quarterly premium due July 1, 1896. If we are to credit the statements made by the plaintiff and Mrs. Hudson, and we have less reason than the jury and the trial judge to doubt them, she went to the office of the association during business hours on several occasions, including July 1, 1896, prepared to pay the premium, but was prevented from so doing by the absence of any one authorized to receive it, the only person there present informing her on July 1, that he had delivered her message of June 16 to the cashier of the association to the effect that plaintiff wanted to pay Mr. Troy's insurance, and would be there the following day. She testifies further that in March, 1896, one Gary, the inspector of the association, called on her, and tried to induce her to give up the policy, as she could not keep up the payments. At this time the insured was in poor health and never recovered.

Gary was not called as a witness nor was the testimony otherwise contradicted.

It is further contended that two special charges were erroneously given to the jury at the request of the plaintiff.

The chief objection is stated by counsel for defendant as follows:

"The charges utterly ignore the absolute duty resting upon the plaintiff to pay the premium on or before July 1, and that nothing would excuse the non-performance of this duty except some act on the part of the defendant which prevented her, using due care to avoid the consequences of such act, from fulfilling her absolute duty."

The real point of the objection is that the only excuse for failure to pay the premium would be some act of the defendant preventing. A careful reading of these charges discloses that this condition to recovery is included in each, substantially in the following terms: "But was unable to pay the same by reason of there being no one at such office to receive such payment on behalf of defendant, and that she was informed that every one had gone home for the day." Under this instruction

plaintiff was required to show that the absence of the representatives of the association from the office during business hours prevented her from paying, although she herself had used due diligence. In this connection it is also urged that the court erred in its general charge, where, after telling the jury what due diligence was, it said that if plaintiff used due diligence in attempting to pay the premium the association had no right to lapse the policy, and she was entitled to recover.

Standing alone without any qualification such a charge would be erroneous, but it does not so appear in this case, for the court added the following, to-wit: "If you find that the defendant company had such reasonable business hour for closing, and that the plaintiff knew of it, or ought to have known of it, you will then inquire whether she made reasonable efforts to send there before or on July 1, 1896, to pay her premium, and that she did take such premium to the office of the company and tender the same to the agents or employees of the company at Cincinnati, Ohio, within such reasonable hour. If she did, and found that the defendant's agents or employees were not present or absented themselves from the office and that she thereafter used reasonable diligence after July 1, to tender the premium to the company or its agents at Cincinnati, Ohio, your verdict should be for the plaintiff."

From this charge it is plain that reasonable efforts alone were insufficient, but if after such efforts she found defendant's agents or employees absent from the office, she was entitled to recover.

We think the general charge as well as the two special charges conveyed to the jury the very doctrine contended for by counsel for the defendant, to-wit: That no amount of diligence on the part of the plaintiff would excuse non-payment of the premium unless some act of the defendant, either of omission or commission, intervened to prevent such payment.

We find no error in the record, and the judgment will be affirmed.

*Cleveland & Bowler*, for plaintiff in error.

*Shay & Cogan* and *Robert C. Pugh*, contra.