[Cite as *Nationstar Mtge., L.L.C. v. Ritter*, 2015-Ohio-3900.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Nationstar Mortgage, LLC, | : | |
| Plaintiff-Appellee, | : | No. 14AP-1000 (C.P.C. No. 13CV-1864) |
| | | **and** |
| v. | : | No. 14AP-1002 (C.P.C. No. 13CV-4176) |
| William C. Ritter et al., | : | |
| | | (REGULAR CALENDAR) |
| Defendants-Appellants. | : | |

## D E C I S I O N

### Rendered on September 24, 2015

*Thompson Hine, LLP, John B. Kopf,* and *Michael L. Dillard, Jr.,* for appellee.

*Robert G. Kennedy,* for appellants.

APPEALS from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendants-appellants William C. Ritter and Rosemarie Ritter, husband and wife, bring these consolidated appeals from two judgments of the Franklin County Court of Common Pleas in two foreclosure actions brought by plaintiff-appellee, Nationstar Mortgage, LLC ("Nationstar").

## I. Facts and Procedural History

{¶ 2} The matter involves eight separate residential rental properties owned and managed by the Ritters. The case has an extended procedural history that will only be recited here to the extent necessary to discuss and decide the appeal. Nationstar, successor in interest to the original lender on the properties, began the action by filing a separate complaint in foreclosure for each property in 2010. In 2012 Nationstar voluntarily dismissed all complaints on the eve of trial. In February and April 2013,

Nationstar filed two new complaints in foreclosure, one addressing a single property and the other addressing the remaining seven. The complaints allege that the Ritters are obligors on eight notes secured by mortgages on each of the eight properties, that the notes are in default, and that each note is subject to a cross-collateralization clause by which default on a single note triggers default on the others.

{¶ 3} The Ritters filed an answer asserting affirmative defenses of estoppel, accord and satisfaction, fraud, mistake, and waiver. The answer also states counterclaims for fraud, slander, and intentional infliction of emotional distress. These are based on Nationstar's filing of the foreclosure complaints in these cases and Nationstar's reporting of the delinquent loans to one or more credit reporting agencies. The counterclaims pray for compensatory and punitive damages as well as attorney fees and costs.

{¶ 4} On January 27, 2014, the trial court granted Nationstar's motion to dismiss the counterclaims. The trial court determined that, pursuant to Civ.R. 12(B)(6), the counterclaims should be dismissed for failure to state a claim on which relief can be granted. The trial court determined that the defamation claim was based solely on Nationstar's decision to report the delinquent accounts to credit reporting services, thereby damaging the Ritters' credit rating. The court found that these claims were preempted by the federal Fair Credit Reporting Act ("FCRA"). The court further found that the Ritters' claim for intentional infliction of emotional distress failed to state a claim because the Ritters had failed to allege facts that demonstrated the type of extreme and atrocious behavior necessary to support such a claim. To the extent that the fraud, slander, and intentional infliction of emotional distress claims were based on Nationstar's filing of the initial and later foreclosure actions, the court found that all were barred under the doctrine of absolute privilege in a judicial proceeding.

{¶ 5} Nationstar then moved for summary judgment on its own claims. The court granted summary judgment with respect to each of the eight properties, finding that the respective notes were in default for non-payment. The court prioritized the various competing liens, set principal and interest amounts due on each property, approved tax advances, assessments, late charges, and insurance premiums to the extent paid by Nationstar, and ordered the properties sold at sheriff's auction.

{¶ 6} The parties do agree on certain facts underlying the complaint and counterclaims. The Ritters concede that they are not real estate novices; Rosemarie Ritter is a real estate broker and William Ritter is an experienced property manager. The couple experienced some financial stress as a result of Mr. Ritter's injuries from a 2007 motorcycle accident. They initially remained current on their mortgage payments to Nationstar, but did become delinquent in 2008 on real estate taxes, which at the time they were paying directly to the Franklin County Auditor. Upon receiving a notice of delinquency from the auditor, Nationstar exercised its rights under the note to pay the delinquent real estate taxes and to commence billing an escrow amount added to future mortgage payments. Nationstar does not specifically contest that it failed to provide requisite written notice of the new escrow requirement prior to the first monthly bill in which it appeared, or that such notice is required under the mortgage covenants.

{¶ 7} In opposition to Nationstar's motion for summary judgment, the Ritters presented an affidavit asserting additional facts. In this, they aver that although the Ritters were able to reimburse Nationstar for the payment of delinquent taxes, the Ritters were dissatisfied with escrow amounts thereafter charged by Nationstar. The Ritters believed that the billed escrow amounts were in excess of requirements to keep future real estate tax payments current. They also noted that the real estate payments from escrow noted in Nationstar's statements were sometimes larger than the corresponding amounts actually received by the auditor.

{¶ 8} They further aver that through most of 2008 and 2009, the Ritters continued to make both their mortgage and escrow payments, while repeatedly requesting explanations from Nationstar on the alleged discrepancy in escrow amounts. The Ritters also believed that Nationstar was not promptly crediting their mortgage payments and causing them to incur unjustified late fees. Dissatisfied with Nationstar's lack of coherent accounting for these expenses and charges, the Ritters then unilaterally decided to pay only their principal and interest payments. They notified Nationstar of their plan and omitted the escrow payments starting in late 2009 (their affidavit does not provide exact dates; see, e.g., Aug. 12, 2014 affidavit of William Ritter, 3). The Ritters claim that for a time they made full payments of principal and interest while omitting the escrow amounts. (In contrast, the eight initial complaints for foreclosure filed by Nationstar

between February and October 2010 all allege complete nonpayment of monthly payments at various dates in 2009 and 2010 for each loan.)

{¶ 9} The parties participated in mediation in connection with the 2010 complaints. The Ritters claim that in June 2011, during a mediation proceeding, they were told by a representative for Nationstar to cease making all mortgage payments because the accounts were already in default and the payments made by the Ritters were complicating Nationstar's accounting. They acted on this advice and ceased making all mortgage payments at that time. The Ritters' own pleadings and filings in the case are inconsistent regarding Nationstar's treatment of those payments made after the initial foreclosure filings. Their answer to the later complaints states that Nationstar "accepted" the principal-and-interest-only payments. (Mar. 25, 2013 Answer to Counterclaim, 3.) The accounting summaries submitted with their memorandum contra summary judgment indicate that for at least one property Nationstar returned some payments after July 2010 and all payments beginning in February 2011.

## II. Assignments of Error

{¶ 10} The Ritters timely appealed and raise the following assignments of error for our review:

> [1.] The trial court erred in dismissing defendants' counterclaim against plaintiff by way of its decision dated January 27, 2014.
>
> [2.] The trial court erred in granting plaintiff's motion for summary judgment by failing to properly view the evidence presented by defendants in opposition to plaintiff's motion for summary judgment.

## III. Discussion

### A. First Assignment of Error – Counterclaims

{¶ 11} The Ritters' first assignment of error addresses the trial court's dismissal of their counterclaims pursuant to Civ.R. 12(B)(6). When reviewing a judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, an appellate court's standard of review is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the

complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). A trial court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the nonmoving party. *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App.3d 95, 104 (8th Dist.1995), citing *Perez v. Cleveland*, 66 Ohio St.3d 397 (1993), *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190 (1988), and *Phung v. Waste Mgt., Inc.*, 23 Ohio St.3d 100 (1986). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991).

{¶ 12} In connection with this assignment of error, the Ritters rely specifically on certain additional evidentiary materials submitted with their memorandum in opposition to the motion to dismiss. Because a motion to dismiss for failure to state a claim tests the sufficiency of the pleadings without reference to additional evidence, the trial court properly disregarded these affidavits and other evidence, as we must on appeal.

{¶ 13} In their appellate brief, the Ritters focus on facts adduced through these additional evidentiary materials and only tangentially contest the specific bases on which the trial court dismissed their counterclaims. As an appellate court, we are not required to review the record and search for further argument that would support reversal. App.R.16(A); *State v. Watson*, 126 Ohio App.3d 316, 321 (12th Dist.1998). Nonetheless, we will briefly examine the grounds for dismissal cited by the trial court and address the merits of each claim.

{¶ 14} We agree with the trial court that to the extent the counterclaims are based on Nationstar's reporting of loan defaults to credit agencies, the claims cannot be maintained. The FCRA does prohibit creditors from reporting inaccurate information to credit bureaus, but enforcement of that duty to report accurate information lies exclusively with federal and state agencies. *Ruggiero v. Kavlich*, 411 F.Supp.2d 734 (N.D.Ohio 2005); 15 U.S.C. 1681 s-2(a). The FCRA therefore contains provisions expressly preempting state law. Under 15 U.S.C. 1681 s-2, "to the extent appellant's state law claims relate to [the lender's] duty to furnish accurate information to credit reporting agencies, they are preempted." *Johnson v. Keybank*, 8th Dist. No. 100118, 2014-Ohio-

120, ¶ 17, citing *Bryan v. Bank of Am. Home Loans Servicing, LP*, N.D.Ohio No. 3:10 CV 959 (Nov. 14, 2011 merit decision). The Ritters could not state a claim in these proceedings based on allegedly inaccurate information furnished by Nationstar to the credit bureaus, and the trial court properly dismissed the counterclaims.

{¶ 15} To the extent that the counterclaims for fraud, slander, and intentional infliction of emotional distress are based on Nationstar's filing and refiling of its foreclosure complaints, these claims are clearly barred by the doctrine of absolute privilege. "As a matter of public policy, under the doctrine of absolute privilege in a judicial proceeding, a claim alleging that a defamatory statement was made in a written pleading does not state a cause of action where the allegedly defamatory statement bears some reasonable relation to the judicial proceeding in which it appears." *Surace v. Wuliger*, 25 Ohio St.3d 229 (1986), syllabus. Because the counterclaims set forth in the Ritters' answer allege nothing beyond the filing of the foreclosure complaints and necessary statements and furtherance of the claims set forth therein, the counterclaims are barred on their face by the doctrine of absolute privilege and were properly dismissed.

{¶ 16} Finally, the Ritters argue on appeal that Nationstar notified several tenants in the foreclosed properties that the properties were in foreclosure. The tenants allegedly moved out upon receiving this information, impairing the Ritters ability to operate the rental properties profitably. These assertions were not set forth in the Ritters' answer stating the counterclaims, and cannot be considered in the context of a Civ.R. 12(B)(6) motion for failure to state a claim.

{¶ 17} In summary, the Ritters' counterclaims did not state claims for which relief could be granted, and the trial court did not err in dismissing those counterclaims. The Ritters' first assignment of error is overruled.

### B. Second Assignment of Error – Motion for Summary Judgment

{¶ 18} The Ritters' second assignment of error asserts that the trial court erred in granting summary judgment in favor of Nationstar on its foreclosure claims in both actions. Under Civ.R. 56(C), summary judgment may be granted only when, based on the properly submitted evidence, there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. *Tokles &*

*Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 629 (1992), citing *Harless v. Willis Day Warehousing Co., Inc.*, 54 Ohio St.2d 64 (1978). "A plaintiff or counterclaimant moving for summary judgment does not bear the initial burden of addressing the nonmoving party's affirmative defenses." *Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, syllabus. The burden to establish a genuine issue of material fact with respect to the affirmative defenses remains with the nonmoving party who asserts them. *Id.* at ¶ 13-14.

{¶ 19} An appellate court's review of summary judgment is de novo. *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994); *Bard v. Soc. Natl. Bank, n.k.a. KeyBank*, 10th Dist. No. 97APE11-1497 (Sept. 10, 1998). Thus, we conduct an independent review of the record and stand in the shoes of the trial court. *Jones v. Shelly Co.*, 106 Ohio App.3d 440, 445 (5th Dist.1995). As such, we have the authority to overrule a trial court's judgment if the record does not support any of the grounds raised by the movant, even if the trial court failed to consider those grounds. *Bard.*

{¶ 20} In support of summary judgment, Nationstar presented an affidavit executed by an assistant secretary of the company, accompanied by copies of the various notes, mortgages, assignments, and notices of default connected with each property. The affidavit summarizes the documents and states that the affiant reviewed the associated payment records. The affidavit states that the Ritters "failed to make any payments" for the notes, giving a date for each note ranging from June 2009 to July 2010. (July 18, 2014 Motion for Summary Judgment, exhibit No. 1, at 5.) Neither the affidavit nor the associated documents present any more detail regarding the payment history of the loan accounts.

{¶ 21} In opposition to summary judgment, the Ritters presented William Ritter's affidavit setting forth his experience with Nationstar's servicing of the loans and his own efforts to pay the loans as promised. To this is appended a tabular summary of the Ritters' payments for the all the loans through 2007, and for one particular loan (the "Hampton Rd. property") through 2010. The table provides check numbers and amounts, dates sent, and dates cashed for each property and month. Also appended are copies of correspondence between the Ritters and Nationstar as the Ritters attempted to work out their concerns over escrow amounts.

{¶ 22} In support of this assignment of error, the Ritters primarily rely on an account of their own financial circumstances at the time of default, the actions of Nationstar in the billing and escrow process, and their own good-faith efforts to remain current on the mortgage payments. The Ritters do not contest that paragraph three of the uniform covenants contained in the mortgage instruments allows the lender or servicer of the notes to impose an escrow requirement for taxes, insurance, association fees, and the like. (See, e.g., Feb. 19, 2013 Complaint in Franklin C.P. No. 13CV-001864.) Nor do they dispute that failure to pay the escrow amounts constituted a default event under the terms of the note and mortgage.

{¶ 23} Thus, the arguments that we discern in their pleadings and appellate brief are that Nationstar breached its own contractual obligations under the note by (1) not crediting payments when made, causing the Ritters to incur unjustified late fees; (2) making excessive escrow charges for each monthly payment, and refusing to account for the escrowed amounts when requested by the Ritters; and (3) imposing an escrow requirement on all eight properties without providing written notice to the Ritters that Nationstar intended to proceed with escrow.

{¶ 24} The essence of this argument is that Nationstar, through improper imposition of an escrow requirement and poor accounting for subsequent escrow payments, failed to perform its contractual obligations and thereby prevented the Ritters from performing their own obligations under the notes. The Ritters thereby seek to invoke the principle that "[w]here the obligations arising under a contract have attached, and subsequent thereto one party without consent of the other does some act or makes some new arrangement which prevents the carrying out of the contract according to its terms, he cannot avail himself of his conduct to prevail over the affected party." *Fed. Natl. Mtge. Assoc. v. Banks*, 2d Dist. No. 11667 (Feb. 20, 1990), citing *Suter v. Farmers' Fertilizer Co.*, 100 Ohio St. 403 (1919). In other words, "[n]onperformance of a condition is excused where the performance thereof is prevented by the other party, by either acts of omission or commission." *Id.,* citing *Fidelity Mut. Life Assoc. v. Troy*, C.A. Hamilton Cty., 10 Ohio C.D. 761, 20 Ohio C.C. 644 (1900).

{¶ 25} Here, the Ritters did not set forth facts in opposition to summary judgment sufficient to maintain the defense of estoppel based on Nationstar's mishandling of the

loan accounts.  Taking as true all the facts presented by affidavit or document, it appears that Nationstar failed to provide required notice of the imposition of an escrow account, billed amounts in excess of requirements for taxes, and then failed to provide coherent accounting when challenged on these amounts.  Notwithstanding the Ritter's evident frustration with alleged late charges and excess escrow, these errors by Nationstar did not actually prevent them from fulfilling their obligations under the notes.  In other words, the Ritters do not specifically allege that payment under the loan agreements was rendered so difficult as to excuse performance.  We accordingly find that there remain no genuine issue of material fact as to whether the Ritters were in default, and the trial court did not err in granting summary judgment for Nationstar.  The Ritters' second assignment of error is overruled.

{¶ 26} In summary, the Ritters' two assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas in favor of Nationstar Mortgage, LLC is affirmed.

*Judgment affirmed.*

TYACK and KLATT, JJ., concur.

_____