PROGRESSOHIO.ORG, INC., ET AL. *v.* KASICH, GOVERNOR, ET AL.

[Cite as *ProgressOhio.org v. Kasich*, 129 Ohio St.3d 449, 2011-Ohio-4101.]

*Section 3 of 2011 Am.Sub.H.B. No. 1 is unconstitutional insofar as it attempts to confer exclusive, original jurisdiction on this court to consider the constitutionality of the act's provisions — Cause dismissed for lack of subject-matter jurisdiction.*

(No. 2011-0622 — Submitted August 8, 2011 — Decided August 19, 2011.)

ORIGINAL ACTION filed pursuant to Section 3 of

2011 Am.Sub.H.B. No. 1.

_____

**Per Curiam.**

{¶ 1}   This cause originated upon the filing of an original action pursuant to Section 3 of 2011 Am.Sub.H.B. No. 1 ("H.B. 1").[1]   We dismiss this cause for lack of subject-matter jurisdiction.

{¶ 2}   Under Section 2(B)(1), Article IV of the Ohio Constitution, this court has original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition, procedendo, any cause on review as may be necessary to its complete determination, and all matters relating to the practice of law, including the admission of persons to the practice of law and the discipline of persons so

---

1.  {¶ a} Section 3 of H.B. 1 provides:

{¶ b} "The Supreme Court of Ohio shall have exclusive, original jurisdiction over any claim asserting that any one or more sections of the Revised Code amended or enacted by this act, or any portion of one or more of those sections, or any rule adopted under one or more of those sections, violates any provision of the Ohio Constitution; and over any claim asserting that any action taken pursuant to those sections by the Governor or the nonprofit corporation formed under section 187.01 of the Revised Code violates any provision of the Ohio Constitution or any provision of the Revised Code.  Any such claim shall be filed as otherwise required by the Court's rules of practice not later than the sixtieth day after the effective date of this act.  If any claim over which the Supreme Court is granted exclusive, original jurisdiction by this section is filed in any lower court, the claim shall be dismissed by the court on the ground that the court lacks jurisdiction to review it."

admitted. The parties do not claim that this action falls under our original jurisdiction as set forth in the Constitution. Instead, petitioners request a declaratory judgment that H.B. 1 is unconstitutional and a prohibitory injunction preventing respondents from acting pursuant to its provisions. We lack original jurisdiction to grant this relief. See *State ex rel. Ministerial Day Care Assn. v. Zelman*, 100 Ohio St.3d 347, 2003-Ohio-6447, 800 N.E.2d 21, ¶ 22 ("neither this court nor the court of appeals has original jurisdiction over claims for declaratory judgment"); *State ex rel. Lanham v. Ohio Adult Parole Auth.* (1997), 80 Ohio St.3d 425, 427, 687 N.E.2d 283 ("We * * * lack original jurisdiction to grant relators' request for prohibitory injunctive relief"); see also *Kent v. Mahaffy* (1853), 2 Ohio St. 498, 499, wherein we held that a statutory provision that purported to confer upon this court jurisdiction to grant an injunction in a case pending in another court was ineffective ("We can exercise only such powers as the constitution itself confers, or authorizes the legislature to grant. We can derive no power elsewhere").

{¶ 3} "It is a well-established principle of constitutional law that when the jurisdiction of a particular court is constitutionally defined, the legislature cannot by statute restrict or enlarge that jurisdiction unless authorized to do so by the constitution. This principle is grounded on the separation of powers provisions found in many American constitutions * * *." See *Smith v. State* (1976), 289 N.C. 303, 328, 222 S.E.2d 412, and cases cited therein.

{¶ 4} Although *Smith* is from another jurisdiction, the principle set forth above is true in Ohio. "[N]either statute nor rule of court can expand our jurisdiction." *Scott v. Bank One Trust Co., N.A.* (1991), 62 Ohio St.3d 39, 41, 577 N.E.2d 1077; see also *State ex rel. Cleveland Mun. Court v. Cleveland City Council* (1973), 34 Ohio St.2d 120, 122, 63 O.O.2d 199, 296 N.E.2d 544 ("neither the Civil Rules nor statutes can expand this court's original jurisdiction and require it to hear an action not authorized by the Ohio Constitution"); *Classic*

*Pictures, Inc. v. Dept. of Edn.* (1952), 158 Ohio St. 229, 229-230, 48 O.O. 453, 108 N.E.2d 319 ("If plaintiff's contention were true, the General Assembly would have conferred upon the Supreme Court original jurisdiction in addition to that conferred by the Constitution. Such legislation would be void"); *State ex rel. Richards v. Pittsburgh, Cincinnati, Chicago, & St. Louis Ry. Co.* (1895), 53 Ohio St. 189, 237, 41 N.E. 205 ("That the original jurisdiction of this court cannot be enlarged or diminished by legislative action, but is such, only, as the constitution confers, was settled at an early day after the present constitution was adopted").

{¶ 5} Therefore, insofar as Section 3 of H.B. 1 attempts to confer exclusive, original jurisdiction on this court to consider the constitutionality of the act's provisions, it is unconstitutional. Neither legislation nor rule of court can expand our jurisdiction under Section 2, Article IV of the Ohio Constitution.

{¶ 6} The provisions of 2011 Am.Sub.H.B. No. 153 do not apply retroactively and, therefore, do not resolve this present action. They do, however, provide a remedy for petitioners to institute an action challenging the constitutionality of amended R.C. 187.01 et seq. by way of an action in the Franklin County Court of Common Pleas.

{¶ 7} Based on the foregoing, we dismiss this cause for lack of subject-matter jurisdiction. Our holding renders moot petitioners' motions for preliminary injunctive relief and to strike respondents' notice of supplemental authority and request for an expedited hearing.

Cause dismissed.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

PFEIFER, J., dissents.

_____

**PFEIFER, J., dissenting.**

**{¶ 8}** I would sua sponte convert this action to a mandamus action and grant an alternative writ to begin the briefing process. It is my long-held view that this court has not only the constitutional power but also the responsibility to exercise original jurisdiction in matters that demand early resolution. Although the granting of writs of mandamus and prohibition to determine the constitutionality of statutes is " 'limited to exceptional circumstances that demand early resolution,' " this court has accepted for exceptional review cases involving statutes that had comprehensive reach and wide impact. *State ex rel. Ohio AFL-CIO v. Ohio Bur. of Workers' Comp.,* 97 Ohio St.3d 504, 2002-Ohio-6717, 780 N.E.2d 981, ¶ 12, quoting *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 515, 715 N.E.2d 1062 (Pfeifer, J., concurring); see also *State ex rel. Ohio AFL-CIO v. Voinovich* (1994), 69 Ohio St.3d 225, 631 N.E.2d 582.

**{¶ 9}** This is such a case. Like *Voinovich*, this case challenges the constitutionality of legislation that makes significant changes to the organizational structure of state government but does not involve a complex factual scenario that would benefit from the development of a record in a trial court. We would be serving the interests of the state and of judicial economy by addressing petitioners' claims now.

_____

Victoria E. Ullmann, for petitioners.

Michael DeWine, Attorney General, and Aaron D. Epstein and Pearl M. Chin, Assistant Attorneys General, for respondents.

_____