**WILSON ET AL.** *v.* **KASICH, GOVERNOR, ET AL.**

**[Cite as *Wilson v. Kasich,* 131 Ohio St.3d 249, 2012-Ohio-612.]**

*Apportionment—Laches bars claim contesting validity of apportionment decision for 2012 elections—Challenge to constitutionality of apportionment dismissed in part.*

(No. 2012-0019—Submitted February 7, 2012—Decided February 17, 2012.)

ORIGINAL ACTION filed pursuant to the Ohio Constitution, Article XI, Section 13.

_____

**Per Curiam.**

{¶ 1}  This is an original action in which relators, 36 electors living in various  districts for the Ohio House of Representatives as reapportioned by the Ohio Apportionment Board on September 30, 2011, seek declaratory and injunctive relief.  They seek declaratory and injunctive relief against respondents, the four Republican members of the five-member Ohio Apportionment Board—a declaration that the apportionment plan adopted by the board is invalid because the board failed to comply with Article XI of the Ohio Constitution, which governs the decennial apportionment of districts in the General Assembly, and the Open Meetings Law, R.C. 121.22, and a prohibitory injunction preventing these board members from calling, holding, supervising, administering, or certifying any elections under their apportionment plan.

Jurisdiction

{¶ 2}  Relators claim that this court has original jurisdiction over their claims pursuant to the Ohio Constitution, Article XI, Section 13, which specifies that "[t]he supreme court of Ohio shall have exclusive, original jurisdiction in *all cases arising under this Article.*"  (Emphasis added.)

**{¶ 3}** Relators' open-meetings claim, however, does not arise under Article XI; instead, it arises under R.C. 121.22. Nor do relators assert that they are invoking the court's original jurisdiction under Article IV, Section 2(B)(1). Instead, they specifically deny that they are. And without the applicability of Article XI, Section 13 to relators' open-meetings claim, we lack jurisdiction over this claim for declaratory and injunctive relief. *See ProgressOhio.org, Inc. v. Kasich*, 129 Ohio St.3d 449, 2011-Ohio-4101, 953 N.E.2d 329, ¶ 2.

**{¶ 4}** Therefore, we lack jurisdiction over relators' open-meetings claim and dismiss it.

Laches

**{¶ 5}** We also deny relators' Article XI claims based on laches insofar as they relate to the 2012 election cycle. "We have consistently required relators in election cases to act with the utmost diligence." *Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382, ¶ 19. "Laches may bar an action for relief in an election-related matter if the persons seeking this relief fail to act with the requisite diligence." *Smith v. Scioto Cty. Bd. of Elections*, 123 Ohio St.3d 467, 2009-Ohio-5866, 918 N.E.2d 131, ¶ 11.

**{¶ 6}** To the extent that relators' claims contest the validity of respondents' apportionment decision for the upcoming 2012 elections, laches bars their claims. Relators unreasonably delayed 96 days from the apportionment board's September 30, 2011 decennial apportionment before commencing this action on January 4, 2012, challenging the apportionment: they do not have a legitimate excuse for much of this prolonged delay, they knew or should have known of the board's apportionment plan and its alleged constitutional defects near the time it was approved by the board in late September, and their unreasonable delay has caused prejudice to boards of elections, candidates, and the public, who have all relied on respondents' apportionment plan setting the state legislative districts for the imminent 2012 elections.

**{¶ 7}** For the remaining state legislative elections—the 2014, 2016, 2018, and 2020 elections—affected by respondents' September 30, 2011 apportionment plan, however, laches does not bar relators' claims. These elections are, unlike the 2012 elections, not imminent. This result is consistent with the principles that laches is an equitable doctrine, *State ex rel. Commt. for the Referendum of Lorain Ordinance No. 77-01 v. Lorain Cty. Bd. of Elections*, 96 Ohio St.3d 308, 2002-Ohio-4194, 774 N.E.2d 239, ¶ 35, and that "the fundamental tenet of judicial review in Ohio is that courts should decide cases on their merits," *State ex rel. Becker v. Eastlake*, 93 Ohio St.3d 502, 505, 756 N.E.2d 1228 (2001). *See also State ex rel. Walker v. Bowling Green*, 69 Ohio St.3d 391, 393, 632 N.E.2d 904 (1994), quoting *Reynolds v. Sims*, 377 U.S. 533, 585, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964) ("absent special circumstances justifying the withholding of immediate relief such as where an election is imminent, 'once a State's legislative apportionment scheme has been found to be unconstitutional, it would be the unusual case in which a court would be justified in not taking appropriate action to insure that no further elections are conducted under the invalid plan' "); *Martin v. Soucie*, 109 Ill.App.3d 731, 736, 65 Ill.Dec. 339, 441 N.E.2d 131 (1982) (six-month delay in instituting a challenge to a June 1981 apportionment plan barred relief regarding imminent 1982 elections based on laches but did not bar relief regarding future elections).

## Conclusion

**{¶ 8}** Therefore, we dismiss relators' open-meetings claim for lack of subject-matter jurisdiction, and we deny relators' Article XI claims based on laches insofar as they attempt to challenge the use of the apportionment plan for the 2012 election cycle. Relators' remaining Article XI claims are not barred by laches, and we will issue a separate order for further briefing and oral argument on those claims.

*Judgment accordingly.*

O'CONNOR, C.J., and PFEIFER, WILLAMOWSKI, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

O'DONNELL, J., concurs in part and dissents in part.

JOHN R. WILLAMOWSKI, J., of the Third Appellate District, sitting for LUNDBERG STRATTON, J.

_____

**O'DONNELL, J., concurring in part and dissenting in part.**

{¶ 9}  I concur in the decision to dismiss relators' open-meetings claim for declaratory relief, as we lack jurisdiction to entertain that claim.

{¶ 10} I respectfully dissent from the resolution of the constitutional challenge to the decennial apportionment of districts in the manner chosen by the majority, which I find unprecedented in our jurisprudence, unwise, and fraught with problems as precedent for future apportionment challenges.  The court's obligation is to review these matters expeditiously, and it should do so.

_____

Wesp/Barwell/Pierre-Louis Co., L.L.C., and Lloyd Pierre-Louis; Murray & Murray Co., L.P.A., and Dennis E. Murray Jr.; Perkins Coie, L.L.P., and Marc Erik Elias, Kevin J. Hamilton, Abha Khanna, and Noah Guzzo Purcell, for relators.

Baker & Hostetler, L.L.P., John H. Burtch, E. Mark Braden, and Robert J. Tucker, for respondents Governor John Kasich, Senate President Thomas E. Niehaus, and Auditor David Yost.

Michael DeWine, Attorney General, and Pearl M. Chin, Assistant Attorney General, for respondent Governor John Kasich.

Michael DeWine, Attorney General, and Jeannine R. Lesperance and Renata Staff, Assistant Attorneys General, for respondent Auditor David Yost.

Michael DeWine, Attorney General, and Jeannine R. Lesperance and Sarah Pierce, Assistant Attorneys General, for respondent Senate President Thomas E. Niehaus.

Michael DeWine, Attorney General, and Richard N. Coglianese, Michael J. Schuler, and Erin Butcher-Lyden, Assistant Attorneys General, for respondent Secretary of State Jon Husted.

_____