[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. New Wen, Inc. v. Marchbanks*, **Slip Opinion No. 2020-Ohio-4865.**]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4865

THE STATE EX REL. NEW WEN, INC., D.B.A. WENDY'S *v.* MARCHBANKS, DIR., ET AL.

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. New Wen, Inc. v. Marchbanks*, **Slip Opinion No. 2020-Ohio-4865.**]

*Application for attorney fees and costs—A prevailing party in an action is not permitted to recover attorney fees when attorney fees have not been statutorily authorized—Application for attorney fees and costs denied.*

(No. 2017-0813—Submitted June 16, 2020—Decided October 14, 2020.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} On January 15, 2020, this court granted a writ of mandamus directing respondents, the Ohio Department of Transportation and its director, Jack Marchbanks (collectively, "ODOT"), to commence appropriation proceedings for a taking of real property. 159 Ohio St.3d 15, 2020-Ohio-63, 146 N.E.3d 545, ¶ 1,

30. Relator, New Wen, Inc., d.b.a. Wendy's, has filed an application for an award of reasonable attorney fees and costs. Because attorney fees are not available in this type of action, we deny the application.

## I. Background

{¶ 2} This case arises from ODOT's closure of the intersection of Cherry Valley Road and State Route 16 ("S.R. 16") in Licking County. Vehicles traveling on S.R. 16 can no longer exit onto Cherry Valley Road in any direction, and vehicles on Cherry Valley Road can no longer directly access S.R. 16. *Id.* at ¶ 5.

{¶ 3} New Wen owns the property on the northwest corner of the former intersection and operates a Wendy's restaurant there. *Id.* at ¶ 4. We held that New Wen had shown, by clear and convincing evidence, that the closure deprived New Wen of its property—the right of access to and from S.R. 16—without compensation. *Id*. at ¶ 30. We therefore granted a writ of mandamus to compel ODOT to conduct appropriation proceedings to determine the appropriate amount of compensation it should pay to New Wen. *Id*.

{¶ 4} On February 12, 2020, New Wen filed an application for attorney fees and other costs. ODOT opposes the application, arguing both that New Wen is not entitled to recover attorney fees as a matter of law and that the amount of fees claimed by New Wen is unreasonable.

## II. Legal analysis

### A. Attorney fees

{¶ 5} Ohio follows the "American rule," which "does not permit the prevailing party to recover attorney fees, in the absence of statutory authorization, as part of the costs of litigation." *Sorin v. Warrensville Hts. School Dist. Bd. of Edn.*, 46 Ohio St.2d 177, 179, 347 N.E.2d 527 (1976). New Wen cites several possible bases for its recovery of attorney fees.

{¶ 6} First, New Wen invokes certain provisions of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970. In particular, New

Wen relies on Subchapter III of that act, titled, "Uniform Real Property Acquisition Policy," 42 U.S.C. 4651 et seq., which establishes policies to guide federal land-acquisition practices. When a federal agency institutes a condemnation proceeding in federal court, the act authorizes the court to award "reasonable costs, disbursements, and expenses" to the real property owner, including reasonable attorney fees, if the federal agency cannot acquire the property by condemnation or abandons the proceeding. 42 U.S.C. 4654(a)(1) and (2). And under 42 U.S.C. 4654(c), a similar award is authorized for a plaintiff who prevails in an inverse-condemnation proceeding against the United States for the taking of property by a federal agency or for a plaintiff in such a proceeding that ends in a settlement; *see also* 49 C.F.R. 24.107. By their terms, however, these provisions apply only to exercises of eminent domain by *federal* agencies. The federal act does not create a statutory basis for an award of attorney fees in a state mandamus action.

{¶ 7} New Wen argues that the federal act applies because ODOT's highway project involved the disbursement of federal funds. Before a federal agency head may approve a project or a contract with an "acquiring agency"[1] that will involve the expenditure of federal funds and the acquisition of real property, the acquiring agency must give "satisfactory assurances" that "property owners will be paid or reimbursed for necessary expenses as specified in" 42 U.S.C. 4654. 42 U.S.C. 4655(a)(2). Those "necessary expenses" specified in 42 U.S.C. 4654 include reasonable attorney fees. Thus, according to New Wen, ODOT is responsible for paying attorney fees to a prevailing party such as New Wen in an inverse-condemnation action. But 42 U.S.C. 4655(a)(2), by its plain terms, imposes an obligation upon federal officials to ensure certain conditions are met

---

1. An "acquiring agency" includes a state agency that has the authority under state law to acquire property by eminent domain. 42 U.S.C. 4655(b)(1); *see also* R.C. 163.51(J)(1) (same definition). The director of ODOT has statutory authority to appropriate real property. R.C. 163.02(B).

before approving contracts.  It does not purport to be a statutory authorization for this court to award attorney fees in a mandamus action.

{¶ 8} Alternatively, New Wen argues that Ohio has expressly adopted the federal act's attorney-fee provisions.  It is true that some provisions of the federal act have been expressly incorporated into the Revised Code.  For example, R.C. 163.59(J) provides that "[n]o head of an acquiring agency shall intentionally make it necessary for an owner to institute legal proceedings to prove the fact of the taking of the owner's real property."  And it is also true that R.C. Chapter 163, which governs appropriations of real property, authorizes attorney-fee awards in certain situations.  Thus, if the judge in an appropriation action filed under R.C. 163.05 finds in favor of the property owner on either the question whether the appropriation is necessary or whether it serves a public purpose, the court shall award attorney fees.  R.C. 163.09(G).  Likewise, attorney fees shall be awarded when an agency abandons its appropriation action, R.C. 163.21(A)(2)(b), or when the owner prevails in the appropriation proceeding and the appropriation does not occur, R.C. 163.21(B)(1)(b); *see also* R.C. 163.62(A).  But the Revised Code contains no counterpart to 42 U.S.C. 4654(c) or 49 C.F.R. 24.107 authorizing an award of attorney fees in a mandamus action brought to *compel* an appropriation proceeding, and New Wen does not rely on any Ohio statute in its application for an award of attorney fees.

{¶ 9} Instead, New Wen turns to Ohio Adm.Code 5501:2-5-06(G)(3), which adopts 49 C.F.R. 24.107(c)'s language regarding attorney fees in inverse-condemnation proceedings.  An administrative body may promulgate regulations only if they are consistent with and predicated upon a statutory grant of authority. *See Burger Brewing Co. v. Thomas*, 42 Ohio St.2d 377, 379, 329 N.E.2d 693 (1975); *Doyle v. Ohio Bur. of Motor Vehicles*, 51 Ohio St.3d 46, 554 N.E.2d 97 (1990), paragraph one of the syllabus.  And a party cannot generally recover attorney fees unless a statute expressly authorizes the fees.  *Sorin*, 46 Ohio St.2d at

179, 180, 347 N.E.2d 527; *State ex rel. Murphy v. Indus. Comm.*, 61 Ohio St.2d 312, 313, 401 N.E.2d 923 (1980). As a result, a fee-shifting provision in an administrative-code provision that lacks statutory authorization is ineffective. *See Vance v. Roedersheimer*, 64 Ohio St.3d 552, 556, 597 N.E.2d 153 (1992) (holding that a local court rule does not constitute "statutory authorization" for an award of attorney fees).

{¶ 10} The Ohio Department of Transportation promulgated Ohio Adm.Code 5501:2-5-06(G)(3) pursuant to R.C. 163.58. No provision of R.C. 163.58 allows a property owner who initiates an inverse-condemnation proceeding to recover attorney fees or authorizes an agency to promulgate a rule that provides for those fees. R.C. 163.62, one of the statutes referred to in R.C. 163.58, does provide for an award of attorney fees—but in a different context. It allows a court to award attorney fees in a condemnation proceeding that is "instituted by a state agency." R.C. 163.62(A). Because a party cannot generally recover attorney fees unless a statute expressly authorizes the fees, *Sorin* at 180, we cannot interpret R.C. 163.58 and 163.62(A) broadly to award attorney fees in an inverse-condemnation proceeding. The Ohio Administrative Code does not support an award of attorney fees in this case.

{¶ 11} Lastly, New Wen claims it is entitled to attorney fees under 42 U.S.C. 1988 because it is "the prevailing party in a case involving federal constitutional violations" under 42 U.S.C. 1983 ("Section 1983"). Section 1983 creates a cause of action against any person who, acting under color of state law, deprives another party of a constitutionally guaranteed federal right. *See Conley v. Shearer*, 64 Ohio St.3d 284, 292, 595 N.E.2d 862 (1992); *Arsan v. Keller*, 784 Fed.Appx. 900, 916 (6th Cir.2019). A party who prevails in a lawsuit to enforce a provision of Section 1983 may recover, at the court's discretion, reasonable attorney fees as part of the costs of the action. 42 U.S.C. 1988(b).

**{¶ 12}** New Wen's complaint for a writ of mandamus alleged that ODOT's actions constituted a taking that infringed both state *and* federal constitutional property rights. Specifically, New Wen's complaint repeatedly asserted rights under the Fifth and Fourteenth Amendments to the U.S. Constitution and invoked Section 1983 as one basis for its action (along with claims based on state-law rights).

**{¶ 13}** But despite New Wen's invocation of the federal statute in its complaint,[2] we cannot regard its mandamus action as a case arising under Section 1983, because this court does not have original jurisdiction to hear a Section 1983 action. It is well established that " 'neither the Civil Rules nor statutes can expand this court's original jurisdiction and require it to hear an action not authorized by the Ohio Constitution.' " *ProgressOhio.org, Inc. v. Kasich*, 129 Ohio St.3d 449, 2011-Ohio-4101, 953 N.E.2d 329, ¶ 4, quoting *State ex rel. Cleveland Mun. Court v. Cleveland City Council*, 34 Ohio St.2d 120, 122, 296 N.E.2d 544 (1973). Simply put, Section 1983 cannot (and does not) enlarge the original jurisdiction of this court. Because this court has no original jurisdiction to hear a Section 1983 claim, New Wen is not entitled to attorney fees under 42 U.S.C. 1988 as a "prevailing party" on such a claim.

### B. Court costs

**{¶ 14}** New Wen also seeks an award of expert-witness costs in the amount of $9,299.95. We deny this request because it is based entirely on federal provisions, 42 U.S.C. 4654 and 49 C.F.R. 24.107, that New Wen has not established are applicable to this case.

---

2. Notably, this court's opinion granting a writ of mandamus did not mention 42 U.S.C. 1983 and that statute played no role in this court's decision. *See* 159 Ohio St.3d 15, 2020-Ohio-63, 146 N.E.3d 545.

### III. Conclusion

{¶ 15} We deny the application for an award of attorney fees and expert-witness costs. Given this disposition, it is unnecessary to address the reasonableness of the amounts claimed in New Wen's application.

Application denied.

O'CONNOR, C.J., and KENNEDY, FRENCH, DEWINE, DONNELLY, and STEWART, JJ., concur.

FISCHER, J., concurs, with an opinion joined by DEWINE, J.

_____

**FISCHER, J., concurring.**

{¶ 16} I concur with the majority opinion.

{¶ 17} I write separately to point out that the General Assembly should examine the issue whether a property owner in Ohio who is forced to file a lawsuit, in this case for a writ of mandamus, to get a court order when the state has taken that owner's property without filing a proper appropriation case, should or should not be entitled to an award of attorney fees. As reflected in the majority opinion, the legislative branch has created other exceptions to the "American Rule" (which generally does not permit the recovery of attorney fees by a prevailing party) under many similar circumstances but not under this specific circumstance. There may be reasons for this situation, but more likely the legislative branch never considered this specific issue, at least as far as I can determine from my research.

{¶ 18} I believe that legislators should specifically at least consider whether Ohioans, or any Americans for that matter, who have had property improperly taken by any government—and who must go to court to correct that problem caused by the government—should be entitled to their attorney fees, which they incurred to uphold their constitutionally protected property rights.

{¶ 19} Again, I concur. The majority opinion is correct. The General Assembly should determine if it wants the same result to be reached in future cases of this type. Making that determination is not this court's duty.

DeWine, J., concurs in the foregoing opinion.

_____

Vorys, Sater, Seymour & Pease, L.L.P., Joseph R. Miller, Thomas H. Fusonie, and Daniel E. Shuey, for relator.

Dave Yost, Attorney General, Benjamin M. Flowers, Solicitor General, Diane R. Brey, Deputy Solicitor General, and L. Martin Cordero and William J. Cole, Assistant Attorneys General, for respondents.

_____