[Cite as *Gordon v. Mt. Carmel Farms, L.L.C.*, 2021-Ohio-1233.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|  |  |  |
|---|---|---|
| JASON GORDON, et al., | : | |
| Appellees, | : | CASE NO . CA2020-09-054 |
| | : | O P I N I O N |
| - vs - | | 4/12/2021 |
| | : | |
| MT. CARMEL FARMS, LLC, | : | |
| Defendant, | : | |
| | : | |
| -and- | : | |
| | : | |
| UNION TOWNSHIP, OHIO, et al., | : | |
| Appellants. | : | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2020 CVH 000194

John Woliver, 204 North Street, Batavia, Ohio 45103, for appellees

Santen & Hughes, Brian P. O'Connor, 600 Vine Street, Suite 2700, Cincinnati, Ohio 45202-2409, for defendant

Schroeder, Maundrell Barbiere & Powers, Lawrence E. Barbiere, Katherine L. Barbiere, 5300 Socialville Foster Road, Suite 200, Mason, Ohio 45040, for appellants

**S. POWELL, J.**

{¶ 1}   Appellants, Union Township, Ohio and Cory Wright, the Director of the Union Township Planning and Zoning Department, appeal the decision of the Clermont County Court of Common Pleas denying their Civ.R. 12(B)(6) motion to dismiss the claims brought against them by appellees, Jason and Nicole Gordon, pursuant to 42 U.S.C. 1983.  For the reasons outlined below, we reverse the trial court's decision.

### Facts and Procedural History

{¶ 2}   Jason and Nicole Gordon are husband and wife.  The Gordons own real property located at 4340 Mt. Carmel Road, Union Township, Clermont County, Ohio.  The Gordons' property is zoned R-1 for single family residential use under the Union Township Zoning Resolution ("UTZR").  The Gordons, as well as their two young children, reside on the property located at 4340 Mt. Carmel Road.

{¶ 3}   Defendant, Mt. Carmel Farms, LLC, owns real property located at 4370 Mt. Carmel Road, Union Township, Clermont County, Ohio.  Mt. Carmel Farms' property is zoned ER for estate residential district under the UTZR.  Mt. Carmel Farms' property receives a reduced property tax liability based on its Current Agricultural Use Evaluation ("CAUV") status.[1]  Mt. Carmel Farms nevertheless permits several businesses to operate on its property: two landscaping companies, an automotive repair business, a concrete sawing company, a steel fabricator, and an exercise equipment business.

{¶ 4}   There is no dispute that Mt. Carmel Farms' property neighbors the Gordons' property.  There is also no dispute that the two properties share a common ingress and egress easement that consists of a 30 foot wide gravel road/driveway that extends several hundred feet in length.  There is further no dispute that part of this easement crosses over

---

1. The CAUV program allows farmland devoted exclusively to commercial agriculture to be valued based on its value in agriculture, rather than the full fair market value of the property.

a portion of the Gordons' property. The businesses operating on Mt. Carmel Farms' property use this easement to enter and exit from Mt. Carmel Farms' property.

**The Gordons' Complaint**

{¶ 5} On February 19, 2020, the Gordons filed a complaint naming Union Township, Wright, and Mt. Carmel Farms as defendants. In their complaint, the Gordons requested the trial court grant them declaratory and injunctive relief, as well as damages in excess of $25,000, against all three named defendants. The Gordons raised four causes of action in their complaint: three against Mt. Carmel Farms and one against Union Township and Wright. The Gordons' four causes of action are as follows.

*First Cause of Action*

{¶ 6} In their first cause of action, the Gordons allege the following:

> The uses of Mt. Carmel Farms LLC, property described above are in direct violation of the Union Township Zoning Resolution and plaintiffs have been especially damaged by such zoning violations. As a result, pursuant to R.C. 519.24, plaintiffs are entitled to a declaratory judgment issued by this Court declaring that the use of the Mt. Carmel Farms LLC property is in violation of the Union Township Zoning Resolution, and plaintiffs are entitled to a permanent injunction enjoining defendant, Mt. Carmel Farms LLC, from continuing uses on the subject property in violation of the Zoning Resolution.

{¶ 7} The Gordons also allege that they are entitled damages in excess of $25,000 from Mt. Carmel Farms as a result of those purported violations of the UTZR.

*Second Cause of Action*

{¶ 8} In their second cause of action, the Gordons allege the following:

> The uses of the Mt. Carmel Farms LLC, property constitutes a nuisance to plaintiffs. Plaintiffs are entitled to injunctive relief issued by this Court preventing all such nuisance activities on the property and judgment against Defendant Mt. Carmel Farms LLC, in an amount equal to plaintiffs' damages which are in excess of Twenty Five Thousand Dollars ($25,000.00).

*Third Cause of Action*

{¶ 9} In their third cause of action, the Gordons allege the following:

> The greatly expanded use of the ingress and egress easement held by plaintiffs and Defendant Mt. Carmel Farms LLC, constitutes an unlawful and impermissible expansion of such easement. Defendant Mt. Carmel Farms LLC is not entitled to expand the easement for the commercial purposes described above.

{¶ 10} The Gordons, therefore, requested the trial court grant them a permanent injunction enjoining Mt. Carmel Farms from "unlawful use of the easement" and a declaratory judgment "declaring the easement not (sic) longer necessary" for Mt. Carmel Farm's property.

*Fourth Cause of Action*

{¶ 11} In their fourth cause of action, the only cause of action against Union Township and Wright, the Gordons allege the following:

> Plaintiffs are citizens of the United States and property owners in Union Township. The failure of defendants, Cory Wright and Union Township, to enforce the Union Township Zoning Resolution has caused plaintiffs damages as described above and violated their rights guaranteed by the Fourteenth Amendment to the United States Constitution. Plaintiffs have a right to have Defendants Wright and Union Township, who are acting under color of state law, to carry out their mandated official duties to enforce the Zoning Resolution.

{¶ 12} Continuing, the Gordons allege:

> Defendant Cory Wright's refusal to enforce the Union Township Zoning Resolution as described above violates plaintiffs' rights guaranteed by the Fourteenth Amendment to the United States Constitution and, pursuant to 42 § U.S.C.A. ¶ 1983, plaintiffs are entitled to declaratory and injunctive relief and damages against defendants, Cory Wright and Union Township, declaring Wrights actions in violation of plaintiffs' constitutional rights.

**Union Township's and Wright's Civ.R. 12(B)(6) Motion to Dismiss**

{¶ 13} On March 23, 2020, Union Township and Wright filed a Civ.R. 12(B)(6) motion to dismiss the Gordons' complaint against them. In support of their motion, Union Township

and Wright argued that the Gordons' complaint failed to state a claim upon which relief could be granted under 42 U.S.C. 1983. The trial court, however, disagreed and denied Union Township's and Wright's motion to dismiss. The trial court issued this decision on August 27, 2020. In so holding, the trial court noted that it was not convinced that the Gordons would be unable to produce any set of facts upon which relief could be granted without further discovery being had. "Of course," noted the trial court, "that could change following discovery. If so, a motion for summary judgment would be the appropriate vehicle to bring this to the court's attention."

{¶ 14} Union Township and Wright now appeal the trial court's decision denying their Civ.R. 12(B)(6) motion to dismiss, raising two assignments of error for review.

**Appeal**

{¶ 15} Assignment of Error No. 1:

{¶ 16} WHETHER THE TRIAL COURT ERRED IN DENYING CORY WRIGHT QUALIFIED IMMUNITY.

{¶ 17} In the first assignment of error, Wright argues the trial court erred by denying his Civ.R. 12(B)(6) motion to dismiss since he is entitled to the benefit of qualified immunity against the Gordons' claims brought against him pursuant to 42 U.S.C. 1983. We agree.

{¶ 18} Civ.R. 12(B)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. *Ebbing v. Stewart*, 12th Dist. Butler No. CA2016-05-085, 2016-Ohio-7645, ¶ 11, citing *Marchetti v. Blankenburg*, 12th Dist. Butler No. CA2010-09-232, 2011-Ohio-2212, ¶ 9. "'[W]hen a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party.'" *Ditech Fin. LLC v. Ebbing*, 12th Dist. Butler No. CA2018-09-182, 2019-Ohio-2077, ¶ 22, quoting *Byrd v. Faber*, 57 Ohio St.3d 56, 60 (1991). "In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6),

- 5 -

it must appear beyond a reasonable doubt from the complaint that the plaintiff can prove no set of facts entitling him [or her] to recovery." *Buckner v. Bank of N.Y.*, 12th Dist. Clermont No. CA2013-07-053, 2014-Ohio-568, ¶ 13, citing *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14. "A judgment rejecting a public official's claim of qualified immunity is a final appealable order." *Larson v. Mullett*, 5th Dist. Knox No. 94-CA-14, 1994 Ohio App. LEXIS 6040, *5, fn. 1 (Dec. 19, 1994), citing *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727 (1982); *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, ¶ 41.

{¶ 19} "Section 1983, Title 42, U.S.Code, provides a remedy to persons whose federal rights have been violated by government officials." *Curry v. Blanchester*, 12th Dist. Clinton Nos. CA2009-08-010 and CA2009-08-012, 2010-Ohio-3368, ¶ 79; *Ehemann Real Estate, Ltd. v. Anderson Twp. Zoning Comm.*, 1st Dist. Hamilton Nos. C-190002 and C-190038, 2020-Ohio-1091, ¶ 52 ("42 U.S.C. 1983 provides a method for vindicating violations of federal rights"). That is to say, "Section 1983 creates a cause of action against any person who, acting under color of state law, deprives another party of a constitutionally guaranteed federal right." *State ex rel. New Wen, Inc. v. Marchbanks*, Slip Opinion. No. 2020-Ohio-4865, ¶ 11, citing *Conley v. Shearer*, 64 Ohio St.3d 284, 292 (1992); and *Arsan v. Keller*, 784 Fed.Appx. 900, 916 (6th Cir.2019) ("Section 1983 creates a federal cause of action against 'any person' who deprives someone of a federal constitutional right while acting under color of state law").

{¶ 20} "To establish a claim under Section 1983, the party asserting such a claim must prove: (1) the violation of a right secured by the United States Constitution or federal law; and (2) that the alleged violation was committed by a person acting under color of state law." *W. Chester Twp. Bd. of Trustees v. Speedway Superamerica, L.L.C.*, 12th Dist. Butler No. CA2006-05-104, 2007-Ohio-2844, ¶ 62. "Both physical and emotional injuries caused

by the constitutional deprivation are compensable under 42 U.S.C. 1983." *Black v. Hicks*, 8th Dist. Cuyahoga No. 108958, 2020-Ohio-3976, ¶ 75.

{¶ 21} Public officials, like Wright, possess a qualified immunity defense when they are sued under 42 U.S.C. 1983. *Peoples Rights Org., Inc. v. Montgomery*, 142 Ohio App.3d 443, 513 (12th Dist.2001), citing *Johnson v. Fankell*, 520 U.S. 911, 914, 117 S.Ct. 1800 (1997). Under this defense, "[p]ublic officials, including police officers, who perform discretionary functions are entitled to qualified immunity in a Section 1983 action as long as their conduct does not violate clearly established federal rights of which a reasonable person would have known." *Barnes v. Meijer Dept. Store*, 12th Dist. Butler No. CA2003-09-246, 2004-Ohio-1716, ¶ 35, citing *Cook v. Cincinnati*, 103 Ohio App.3d 80, 85 (1st Dist.1995), citing *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727 (1982). "The test is one of 'objective reasonableness' that requires a 'reasonably competent public official [to] know the law governing his [or her] conduct.'" *Morrison v. Horseshoe Casino*, 8th Dist. Cuyahoga No. 108644, 2020-Ohio-4131, ¶ 26, quoting *Harlow* at 818.

{¶ 22} Qualified immunity gives ample room for mistaken judgments and protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986). This could happen under circumstances where the public official is confronted with particularly egregious facts indicating a clear constitutional violation had occurred. *See, e.g., Taylor v. Riojas*, ___ U.S. ___, 141 S.Ct. 52, 54 (2020) (officers were not entitled to qualified immunity where any reasonable officer should have realized petitioner's conditions of confinement offended the constitution given their "particularly egregious" nature). But, even then, "the ultimate burden is on the plaintiff to show that a defendant is not entitled to qualified immunity." *Pisoni v. McCord*, 5th Dist. Stark No. 2017CA00111, 2018-Ohio-64, ¶ 45. Therefore, if the plaintiff fails to demonstrate that either (1) a constitutional right was violated or (2) that the right was clearly established,

the plaintiff has failed to carry his or her burden. *Summerville v. Forest Park*, 195 Ohio App.3d 13, 2011-Ohio-3457, ¶ 18 (1st Dist.), citing *Chappell v. Cleveland*, 585 F.3d 901, 907 (6th Cir.2009).

{¶ 23} "The question of whether a defendant is entitled to an absolute or qualified immunity from liability under 42 U.S.C. 1983 is a question of law and, therefore, we may address it on appeal de novo." *Haas v. Stryker*, 6th Dist. Williams No. WM-12-004, 2013-Ohio-2476, ¶ 17, citing *Mitchell v. Forsyth*, 472 U.S. 511, 528, fn. 9, 105 S.Ct. 2806 (1985); and *Adams v. Hanson*, 656 F.3d 397, 401 (6th Cir.2011). "[D]e novo review means that this court uses the same standard the trial court should have used." *Nationwide Agribusiness Ins. Co. v. Heidler*, 12th Dist. Clinton Nos. CA2018-06-003, CA2018-07-004, CA2018-09-012, and CA2018-09-015, 2019-Ohio-4311, ¶ 71. That means, at least in the context of a Civ.R. 12(B)(6) motion to dismiss, this court "must independently review the complaint to determine whether dismissal is appropriate." *Boyd v. Archdiocese of Cincinnati*, 2d Dist. Montgomery No. 25950, 2015-Ohio-1394, ¶ 13, quoting *Ament v. Reassure Am. Life Ins. Co.*, 180 Ohio App.3d 440, 2009-Ohio-36, ¶ 60 (8th Dist.).

{¶ 24} In *Town of Castle Rock v. Gonzalez*, 545 U.S. 748, 125 S.Ct. 2796 (2005), the United States Supreme Court determined that "a person possesses no constitutionally-protected property right in the enforcement of a restraining order" where the decision to enforce the order is discretionary rather than a mandate on the police to act. *Calvey v. Vill. of Walton Hills*, 6th Cir. No. 20-3139, 2021 U.S. App. LEXIS 1366, *9 (Jan. 19, 2021), citing *id.* at 768. As the United States Supreme Court explained, this is because "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Castle Rock* at 756, citing *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 462-463, 109 S.Ct. 1904 (1989). The United States Sixth Circuit Court of Appeals has similarly held that "'a party cannot possess a property interest in the receipt of a benefit when the

state's decision to award or withhold the benefit is wholly discretionary.'" *CT Ohio Portsmouth, LLC v. Ohio Dept. of Medicaid*, 10th Dist. Franklin No. 19AP-588, 2020-Ohio-5091, ¶ 37, quoting *Med Corp., Inc. v. Lima*, 296 F.3d 404, 409 (6th Cir.2002). The person must, instead, "'have a legitimate claim of entitlement to it.'" *Cleveland Constr., Inc. v. Cincinnati*, 118 Ohio St.3d 283, 2008-Ohio-2337, ¶ 6, quoting *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569-570, 92 S.Ct. 2701 (1972). We find the same holds true with respect to whether a violation of the UTZR has occurred.

{¶ 25} Despite the Gordons' claims, there is nothing in the UTZR that mandates Wright, as the Director of the Union Township Planning and Zoning Department, to cite Mt. Carmel Farms with a violation of the UTZR simply because the Gordons asked him to do so.[2] The Gordons, therefore, have no constitutionally protected property interest in the "benefit" of Wright citing Mt. Carmel Farms with a violation of the UTZR for how Mt. Carmel Farms uses its own property. *See, e.g., Nemeth v. Hancock*, N.D.NY No. 3:10-CV-1161, 2011 U.S. Dist. LEXIS 1563, *13 (Jan. 7, 2011) ("Plaintiffs have no constitutionally protected property interest in the 'benefit' of a Zoning Code violation being issued by the [Village of Hancock] against the Kuehns' use of their property"). Such a decision is instead discretionary on the part of Wright. The UTZR in fact specifically states that it is Wright, not the Gordons, who enforces, interprets, and determines the existence of any violations of the UTZR.

{¶ 26} In light of the foregoing, because the Gordons have no constitutionally protected property interest in the enforcement of the UTZR against Mt. Carmel Farms, we find merit to Wright's arguments advanced herein. That is to say, we find merit to Wright's

---

2. The Gordons referenced the UTZR in their complaint, thereby permitting this court to consider the UTZR when reviewing the trial court's decision at issue in this case. *See, e.g., Alderton v. Armco, Inc.*, 12th Dist. Butler No. CA84-07-076, 1985 Ohio App. LEXIS 6158, *2 (Feb. 19, 1985) (trial court did not err in considering a manual when ruling on a Civ.R. 12[B][6] motion to dismiss even though "the manual [was] not specifically incorporated by reference into the complaint, any fair reading of the complaint must incorporate the manual").

arguments alleging that he is entitled to the benefit of qualified immunity against the Gordons' claims brought against him pursuant to 42 U.S.C. 1983.  This is due, at least in part, to the fact that "'there is no due process right in enforcing a law against another person.'"  *Schubert v. Rye*, 775 F.Supp.2d 689, 707 (S.D.N.Y.2011), quoting *Schwasnick v. Fields*, E.D.N.Y. No. 08-CV-4759, 2010 U.S. Dist. LEXIS 65958, *16 (June 30, 2010).  Therefore, because Wright is entitled to the benefit of qualified immunity against the Gordons' claims brought against him pursuant to 42 U.S.C. 1983, the first assignment of error is sustained.

{¶ 27} Assignment of Error No. 2:

{¶ 28} WHETHER THE TRIAL COURT ERRED IN DENYING UNION TOWNSHIP'S MOTION TO DISMISS.

{¶ 29} In the second assignment of error, Union Township argues the trial court also erred by denying its Civ.R. 12(B)(6) motion to dismiss the Gordons' claims brought against it pursuant to 42 U.S.C. 1983.  Again, we agree.

{¶ 30} "A municipality can be found liable under section 1983 only where the municipality itself causes the constitutional violation at issue, as respondeat superior or vicarious liability will not attach under section 1983." *Bachtel v. Jackson*, 10th Dist. Franklin No. 08AP-714, 2009-Ohio-1554, ¶ 17, citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-695, 98 S.Ct. 2018 (1978).  That is to say, [s]uch liability will attach to a municipality only if the municipality itself has inflicted a constitutionally significant injury by executing a policy or custom." *Bellecourt v. Cleveland*, 104 Ohio St.3d 439, 2004-Ohio-6551, ¶ 4.  Therefore, in an action brought against a township under 42 U.S.C. 1983, like the Gordons' in this case, a township is subject to liability only if the constitutional deprivation alleged by the plaintiff is attributable to some township custom or policy. *McCaffery v. St. Joseph Mercy Hosp.*, E.D.Mich. No. 99-70795, 2000 U.S. Dist. LEXIS

13001, *24-25 (Aug. 15, 2000) ("the Township is subject to liability only if the constitutional deprivation alleged by Plaintiff is attributable to some Township custom or policy").

{¶ 31} To that end, in order to hold Union Township liable under 42 U.S.C. 1983, the Gordons would have to prove that an "official custom or policy" of Union Township caused a violation of their constitutional rights. *Perkins v. Clayton Twp.*, E.D.Mich. No. 2:08-cv-14033, 2009 U.S. Dist. LEXIS 98674, *12 (Oct. 23, 2009) ("[t]o hold the Township liable under Section 1983, a plaintiff must prove that an official custom or policy caused the violation of her constitutional rights"). The Gordons would also have to prove a "'direct causal link'" between that policy or custom and the alleged constitutional violation for Union Township to be held liable under 42 U.S.C. 1983. *Meekins v. Oberlin*, 8th Dist. Cuyahoga No. 107636, 2019-Ohio-2825, ¶ 51, quoting *Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989); *Bickerstaff v. Lucarelli*, 830 F.3d 388, 401-402 (6th Cir.2016) (plaintiff must allege facts showing both the existence of an official custom or policy and "a direct causal link" between the custom or policy and the alleged constitutional violation to properly raise a municipal liability claim under 42 U.S.C. 1983)

{¶ 32} In this case, the Gordons did not identify any Union Township policy or custom within their complaint attributable to a constitutional deprivation for which they may have suffered. The Gordons also did not allege any direct causal link between any policy or custom of Union Township and the purported constitutional deprivation for which they seek relief. The Gordons instead alleged one single incident where they claimed Wright did not "carry out [his] mandated official duties to enforce the [UTZR]" against Mt. Carmel Farms. These conclusory allegations are insufficient to state a viable claim against Union Township. To hold otherwise would result in Union Township being held liable under a respondeat superior standard, a theory of liability that is not actionable in claims brought under 42 U.S.C. 1983. *See Arrington-Bey v. Bedford Hts.*, 858 F.3d 988, 994 (6th Cir.2017)

- 11 -

("[m]unicipalities are not vicariously liable in § 1983 actions merely because they employ someone who has committed a constitutional violation"); *see also Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir.2000) ("[f]or liability to attach, there must be execution of a government's policy or custom which results in a constitutional tort").

{¶ 33} Simply stated, where a claim brought against a township pursuant to 42 U.S.C. 1983 "is based solely on *respondeat superior*, it will be dismissed." (Emphasis sic.) *Keeley v. Croft*, 7th Dist. Belmont No. 17 BE 0016, 2017-Ohio-9386, ¶ 21. Such is the case here. *See, e.g., Bramel v. Smith Twp. Police Dept.*, N.D.Ohio No. 4:12CV1334, 2012 U.S. Dist. LEXIS 178671, *16 (Dec. 18, 2012) (dismissing claims brought against a township under 42 U.S.C. 1983 where "none of the allegations in the complaint demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by [the township]"). Therefore, because the Gordons' claim against Union Township is based solely on a theory of respondeat superior, a theory of liability that is not actionable in claims brought against a township pursuant to 42 U.S.C. 1983, the trial court also erred by denying Union Township's Civ.R. 12(B)(6) motion to dismiss the Gordons' claims brought against it pursuant to 42 U.S.C. 1983. Accordingly, finding merit to the arguments raised by Union Township herein, the second assignment of error is also sustained.)

{¶ 34} Judgment reversed and judgment is hereby entered in favor of appellants on their Civ R. 12(B)(6) motion to dismiss.

PIPER, P.J., and BYRNE, J., concur.