[Cite as *Cleavenger v. B.O.*, 2022-Ohio-454.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| TODD CLEAVENGER | C.A. No. 29875 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| B.O., et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No. CV 2020 04 1216 |

## DECISION AND JOURNAL ENTRY

Dated: February 16, 2022

CALLAHAN, Judge.

{¶1} Appellant, Todd Cleavenger, appeals orders of the Summit County Court of Common Pleas that dismissed his complaint. This Court affirms.

I.

{¶2} Mr. Cleavenger filed a complaint against B.O., the victim of an alleged crime, and K.T., a witness to the events, asserting various claims against them in connection with their statements to law enforcement and testimony at trial. The complaint purported to sue them "in their personal, representative and official capacities[.]" It alleged that B.O. and K.T., by making false statements in police reports and testifying in his criminal trial, deprived Mr. Cleavenger of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution while acting under color of law, pursuant to 42 U.S.C. 1983. The complaint also alleged claims for intentional infliction of emotional distress, slander and libel, and defamation. It also purported to assert a stand-alone claim for punitive damages.

{¶3}     B.O. moved to dismiss the complaint under Civ.R. 12(B)(6).  Noting that she believed service upon her was defective because she did not work or reside at the place of service, she "[did] not challenge the service on her, however, as she [was] anxious to defeat the claims of [Mr.] Cleavenger" and "[i]n effect * * * waive[d] service as though a waiver was requested pursuant to Civ.R. 4.7."  On September 21, 2020, the trial court granted her motion and dismissed all of the claims asserted against B.O.

{¶4}     On September 22, 2020, the trial court ordered Mr. Cleavenger to perfect service against K.T. or show cause why service was not made by October 16, 2020.  The order further provided that if Mr. Cleavenger did not do so, dismissal would result.  Mr. Cleavenger moved for default judgment against K.T., arguing that K.T. "was properly served on June 17, 2020[]" and that the trial court "[could] plainly infer that [K.T.] was clearly made aware of this action against him, from a multitude of sources."  (Emphasis omitted.)  Mr. Cleavenger filed a response on October 21, 2020.  He reiterated his position that B.O. and K.T. had been served.  On the same date, Mr. Cleavenger filed a "Praecipe For Service of Summons By Publication" and an affidavit in which he described the reasons that he believed that K.T. resided at the address previously provided to the clerk, but represented that in light of the trial court's determination, he "ha[d] no knowledge of defendant [K.T.'s] address."

{¶5}     On October 24, 2020, the trial court dismissed the claims against K.T. "for failure to prosecute in accordance with Civ.R. 41(B)(1)[]" because Mr. Cleavenger "failed to take action to comply with the September 22, 2020 Order, has not sought a continuance of the deadline imposed in that Order and has failed to serve [K.T.] with a summons and complaint."  Mr. Cleavenger filed this appeal challenging that order and the September 21, 2020, order that

dismissed his claims against B.O. He has raised five assignments of error, which are rearranged for purposes of disposition.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED TO THE PREJUDICE OF CLEAVENGER, IN ORDERING DISMISSAL OF THIS CASE AGAINST [B.O. AND K.T.], BASED ON ITS OWN CONCLUSIONS OF EVIDENCE OUTSIDE OF THE COMPLAINT; CONSTRUED FACTS IN THE COMPLAINT IN THE MOVANTS' FAVOR; [AND] [I]GNORED FACTS IN THE COMPLAINT[,] WHICH CONSTITUTED ERRORS OF LAW AND FACT BY THE TRIAL COURT.

**ASSIGNMENT OF ERROR NO. 3**

THE TRIAL COURT ERRONEOUSLY DISMISSED THE CASE AGAINST [B.O. AND K.T.], AS IT FAILED TO PROPERLY [AND] APPROPRIATELY APPLY THE CORRECT STANDARD FOR DISMISSING SAID CASE.

{¶6} Mr. Cleavenger's first and third assignments of error appear to maintain that the trial court erred by dismissing his complaint with respect to B.O. In his third assignment of error, he has argued that the trial court applied the wrong standard in evaluating his claims against B.O. and, particularly, that the trial court incorrectly considered matters outside the complaint in determining the motion. In his first assignment of error, he has argued that the trial court's conclusions were incorrect. This Court does not agree.

{¶7} This Court must review an order that resolves a motion under Civ.R. 12(B)(6) de novo. *See Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim "is a procedural motion that tests the sufficiency of the plaintiff's complaint." *Pugh v. Capital One Bank (USA) NA¸* 9th Dist. Lorain No. 20CA011643, 2021-Ohio-994, ¶ 7, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). Dismissal for failure to state a claim can only be

granted when, having presumed that all factual allegations of the complaint are true and having made all reasonable inferences in favor of the plaintiff, it appears beyond doubt that the plaintiff can prove no set of facts that would warrant relief. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988); *Fisher v. Ahmed*, 9th Dist. Summit No. 29340, 2020-Ohio-1196, ¶ 9. Although Civ.R. 8(A) requires only "a short and plain statement of the claim showing that the party is entitled to relief[,]" a complaint cannot consist merely of "bare assertions of legal conclusions." *State ex rel. Yeager v. McCarty*, 9th Dist. Summit No. 29626, 2021-Ohio-2492, ¶ 3-5. "Allegations must be supported by facts. Conclusions in the complaint that are not supported by factual allegations in the complaint * * * are insufficient to withstand a motion to dismiss." *Id*. at ¶ 5.

{¶8} Contrary to Mr. Cleavenger's assertions in his third assignment of error, the trial court did not err by holding his complaint to this standard. In addition, although a trial court is obligated under Civ.R. 12(B)(6) to accept the allegations of the complaint as true without considering facts outside the complaint, *see State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997), a trial court must consider the substantive law that underlies the plaintiff's claims in evaluating a motion to dismiss. *See generally McCarty* at ¶ 3-5. To the extent that Mr. Cleavenger argues that the trial court erred by doing so, those arguments are also misplaced.

## Mr. Cleavenger's 42 U.S.C. 1983 Claims

{¶9} 42 U.S.C. 1983 ("Section 1983") "creates a cause of action against any person acting under color of state law who deprives another party of a constitutionally guaranteed federal right." *State ex rel. New Wen, Inc. v. Marchbanks*, 163 Ohio St.3d 14, 2020-Ohio-4865, ¶ 11. To establish a claim under Section 1983, a plaintiff must demonstrate two elements: "(1) the conduct in controversy must be committed by a person acting under color of state law, and

(2) the conduct must deprive the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." *1946 St. Clair Corp. v. Cleveland*, 49 Ohio St.3d 33, 34 (1990), citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Each element must be present in order to survive a motion to dismiss. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir.2010). *See also Evans v. Ohio Atty. Gen.*, 4th Dist. Scioto No. 20CA3927, 2021-Ohio-1146, ¶ 8, 21-22.

{¶10} Section 1983's requirement of action under color of state law is undergirded by "the notion that individual conduct, to be actionable, must be taken pursuant to powers granted by virtue of state law and possible only because the actor is clothed with the authority of state law." *Cooperman v. Univ. Surgical Assocs., Inc.*, 32 Ohio St.3d 191, 199 (1987), *superseded on other grounds by* R.C. 2743.02(F), citing *U.S. v. Classic*, 313 U.S. 299, 326 (1941). *See also Rudd v. Norton Shores*, 977 F.3d 503, 512 (6th Cir.2020) (noting that plaintiff alleging a Section 1983 claim against private individuals "faces an obvious obstacle * * * because that requirement typically excludes private parties from the statute's reach."). Under Section 1983, a plaintiff cannot proceed "against a private party 'no matter how discriminatory or wrongful' the party's conduct." (Alterations in original.) *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir.2001), quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

{¶11} "[A] private party can fairly be said to be a state actor if (1) the deprivation complained of was 'caused by the exercise of some right or privilege created by the State' and (2) the offending party 'acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.'" *Tahfs* at 590-591, quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). A claim of conspiracy between private actors and state actors, "'if adequately alleged,'" will ordinarily be sufficient to establish that

private parties acted under color of state law for purposes of defeating a motion to dismiss. *Rudd* at 512, quoting *Revis v. Meldrum*, 489 F.3d 273, 292 (6th Cir.2007). In order to survive a motion to dismiss, a plaintiff must allege the existence of a single plan, that every alleged coconspirator "'shared in the general conspiratorial objective,'" and that there was an overt act committed that furthered the conspiracy. *Rudd* at 517, quoting *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir.1985).

{¶12} With respect to Mr. Cleavenger's allegation that B.O. testified falsely against him during his criminal trial, it is well established that individuals testifying in a judicial proceeding enjoy absolute immunity under Section 1983 in connection with their testimony, "even if the testimony constituted perjury (and even assuming the witness was acting under color of state law)." *Doe v. Boland*, 630 F.3d 491, 499 (6th Cir.2011), quoting *Briscoe v. LaHue*, 460 U.S. 325, 329-330 (1983). Mr. Cleavenger can prove no set of facts in connection with B.O.'s trial testimony that could warrant relief under Section 1983 and, therefore, the trial court did not err by dismissing his Section 1983 claim to the extent that it was grounded in her trial testimony.

{¶13} With respect to Mr. Cleavenger's allegations related to statements made by B.O. to law enforcement before trial, his complaint appears to suggest conspiracy as the basis for asserting that B.O. was not a private actor. Nonetheless, the complaint does not "adequately allege" a claim of conspiracy sufficient to establish that B.O. was acting under color of state law. *See Rudd* at 512. His complaint maintained that B.O. acted "collectively and officially * * * as agents, servants, and witnesses thereto, to the County of Summit and/or the Summit County Prosecutors Office[,]" but he did not allege the existence of a single conspiracy; participation by each alleged conspirator in the identified, shared objective; and overt acts taken in furtherance of the conspiracy. *See id.* at 517. As such, Mr. Cleavenger can prove no set of facts that would

warrant relief under Section 1983, and the trial court did not err by dismissing his Section 1983 claim to the extent that it was grounded in B.O.'s pretrial statements.

**Mr. Cleavenger's Common Law Claims**

{¶14} Mr. Cleavenger also alleged claims against B.O. for intentional infliction of emotional distress, defamation, and slander and libel. The trial court dismissed his defamation claims based on the conclusion that B.O. was absolutely privileged in connection with statements made during a judicial proceeding. In the alternative, the trial court concluded that Mr. Cleavenger's claims for defamation, slander and libel, and intentional infliction of emotional distress were barred by the relevant statute of limitations.

{¶15} "A complaint may be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the complaint on its face conclusively indicates that the action is time-barred." *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 13, citing *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, ¶ 11. The statute of limitation applicable to defamation claims, as set forth in R.C. 2305.11(A), is one year from the date that the words alleged to be defamatory were spoken. *Rosenbaum v. The Chronicle Telegram*, 9th Dist. Lorain Nos. 01CA0079896, 01CA007908, 2002-Ohio-7319, ¶ 25, quoting *Stephenson v. Yellow Freight Sys. Inc.*, 10th Dist. Franklin No. 99AP-77, 1999 WL 969817, *9 (Oct. 26, 1999). Libel and slander are also subject to a one-year statute of limitations. *See* R.C. 2305.11(A). *See generally Fisher v. Ahmed*, 9th Dist. Summit No. 29340, 2020-Ohio-1196, ¶ 32, quoting *Gosden v. Louis*, 116 Ohio App.3d 195, 206 (9th Dist.1996) ("'Written defamation is known as libel; spoken defamation is known as slander.'").

{¶16} Ordinarily, claims for intentional infliction of emotional distress are subject to a four-year statute of limitations. *See Stewart v. Allen*, 9th Dist. Wayne No. 06CA0039, 2008-

Ohio-1645, ¶ 21, citing *Yeager v. Local Union 20*, 6 Ohio St.3d 369, 375 (1983). When the essential character of a claim for intentional infliction of emotional distress consists of conduct that is, in substance, another tort, the statute of limitations for the other tort governs. *See generally Doe v. First United Methodist Church*, 68 Ohio St.3d 531, 536-537 (1994), citing *Love v. Port Clinton*, 37 Ohio St.3d 98, 99-100 (1988); *Stafford v. Clever Investigations, Inc.*, 10th Dist. Franklin No. 06AP-1204, 2007-Ohio-5086, ¶ 8; *Vandiver v. Morgan Adhesive Co.*, 126 Ohio App.3d 634, 637-638 (9th Dist.1998). When a claim for intentional infliction of emotional distress is based upon conduct actionable as a claim for defamation, the one-year statute of limitations applies. *See Ibanez v. Hutchins*, 10th Dist. Franklin No. 12AP-319, 2012-Ohio-5040, ¶ 9; *Grover v. Bartsch*, 170 Ohio App.3d 188, 2006-Ohio-6115, ¶ 52-53 (2d Dist.); *Breno v. Mentor*, 8th Dist. Cuyahoga No. 81861, 2003-Ohio-4051, ¶ 11-12. Mr. Cleavenger's claim for intentional infliction of emotional distress is grounded in the same allegations that are the basis for his defamation claim. Accordingly, the claim for intentional infliction of emotional distress was also subject to the one-year statute of limitations.

{¶17} Mr. Cleavenger filed his complaint on April 7, 2020. Therefore, to the extent that his claims for defamation, libel and slander, and intentional infliction of emotional distress arose from statements that he alleged to have been made to law enforcement more than one year before the complaint was filed, those claims are barred by the statute of limitations. In addition, because the complaint alleged that these statements were made more than one year before the COVID-19 public health emergency commenced, Mr. Cleavenger's appeal to the tolling provisions of Am.Sub.H.B. No. 197 are of no avail. *See generally Chapman Ents., Inc. v. McClain*, Slip Opinion No. 2021-Ohio-2386, ¶ 10-13.

{¶18} With respect to B.O.'s trial testimony, which, according to the complaint, occurred on June 24, 2019, the motion to dismiss was properly granted for a different reason. As the Supreme Court of Ohio has explained:

> It is a well-established rule that judges, counsel, parties, and witnesses are absolutely immune from civil suits for defamatory remarks made during and relevant to judicial proceedings. See *Erie Cty. Farmers' Ins. Co. v. Crecelius*, 122 Ohio St. 210, 212-213 (1930); *McChesney v. Firedoor Corp. of Am.*, 50 Ohio App.2d 49, 51 (9th Dist.1976). This immunity is based on the policy of protecting the integrity of the judicial process. The function of a judicial proceeding is to ascertain the truth. To achieve this noble goal, participants in judicial proceedings should be afforded every opportunity to make a full disclosure of all pertinent information within their knowledge. For a witness, this means he must be permitted to testify without fear of consequences. Freedom of speech in a judicial proceeding is essential to the ends of justice. 1 Harper & James, *Law of Torts*, Section 5.22, 423-426 (1956).

*Willitzer v. McCloud*, 6 Ohio St.3d 447, 448-449 (1983). The Supreme Court recently reiterated this principle, emphasizing that "[t]he litigation privilege provides absolute immunity to parties, witnesses, lawyers, and judges from future lawsuits for *statements* made during and relevant to judicial proceedings." (Emphasis in original.) *Reister v. Gardner*, 164 Ohio St.3d 546, 2020-Ohio-5484, ¶ 8. The privilege is not limited to defamation claims. *Newman v. Univ. of Dayton*, 2d Dist. Montgomery No. 28815, 2021-Ohio-1609, ¶ 43, citing *Hecht v. Levin*, 66 Ohio St.3d 458 (1993), paragraph two of the syllabus. The privilege extends to claims of intentional infliction of emotional distress when the substance of the conduct at issue is statements made in a judicial proceeding. *See Nationstar Mtge., LLC v. Ritter*, 10th Dist. Franklin Nos. 14AP-1000, 14AP-1002, 2015-Ohio-3900, ¶ 4, 15.

{¶19} As the trial court concluded, B.O. enjoyed absolute privilege in connection with Mr. Cleavenger's claims for defamation and libel/slander. *See Willitzer* at 448-449. *See generally Fisher*, 2020-Ohio-1196, at ¶ 32, quoting *Gosden*, 116 Ohio App.3d at 206. As noted above, Mr. Cleavenger's claim for intentional infliction of emotional distress was based solely

on the allegation that B.O. made defamatory statements against him. Accordingly, the trial court also did not err by concluding that B.O. enjoyed absolute privilege with respect to Mr. Cleavenger's claim for intentional infliction of emotional distress. *See Ritter* at ¶ 15.

{¶20} The trial court, therefore, did not err by granting B.O.'s motion to dismiss Mr. Cleavenger's claims asserted under Section 1983 or his claims for defamation, libel/slander, and intentional infliction of emotional distress. Mr. Cleavenger's first and third assignments of error are overruled.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ABUSED ITS DISCRETION, COMMITTING PREJUDICIAL ERROR TO CLEAVENGER, IN NOT CONSIDERING CLEAVENGER'S MOTIONS, ACTIONS, AND/OR THE TOTALITY OF THE CIRCUMSTANCES BEFORE DISMISSING THE CASE AGAINST [B.O. AND K.T.].

{¶21} In his second assignment of error, Mr. Cleavenger appears to argue that the trial court did not consider his opposition to the motion to dismiss and to reiterate some of his arguments that the trial court erred by granting B.O.'s motion to dismiss. He also argues that the trial court erred by failing to rule on his motion for leave to file an amended complaint after the trial court dismissed his claims against B.O. The record does not demonstrate that the trial court failed to consider any of the documents that Mr. Cleavenger filed in opposition to the motion to dismiss, and, as demonstrated above, the trial court did not err by granting B.O.'s motion to dismiss. This Court also cannot agree that the trial court erred with respect to the motion to amend the complaint.

{¶22} This Court must review an order that grants or denies leave to amend a pleading for an abuse of discretion. *See State ex rel. Askew v. Goldhart*, 75 Ohio St.3d 608, 610 (1996). An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable,

not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶23} Civ.R. 15(A) provides, in part:

> A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires.

*See also King v. Divoky*, 9th Dist. Summit No. 29769, 2021-Ohio-1712, ¶ 38-39. Civ.R. 15(A), therefore, allows amendment of a complaint as a matter of course within twenty-eight days of service of a motion to dismiss filed under Civ.R. 12(B)(6) or a responsive pleading, whichever occurs earlier. *King* at ¶ 39, quoting *Hunter v. Rhino Shield*, 10th Dist. Franklin No. 18AP-244, 2019-Ohio-1422, ¶ 13, citing 2013 Staff Note, Civ.R. 15. Once the twenty-eight-day period has ended, however, a plaintiff must obtain leave of court or consent from the opposing party in order to amend. *King* at ¶ 39, citing *Hunter* at ¶ 13.

{¶24} Civ.R. 15(A) "allows a pleader to rectify a poorly pleaded complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 549 (1992). Consequently, "[i]f a motion for failure to state a claim is sustained, 'leave to amend the pleading should be granted unless the court determines that allegations of other statements or facts consistent with the challenged pleading could not possibly cure the defect.'" *Id.*, quoting McCormac, *Ohio Civil Rules of Practice*, Section 6.20, at 150 (2d Ed.1992). A trial court may deny leave, however, if it appears that the defects in the complaint could not be cured by amendment. *Benefit Mgt. Consultants, Inc. v. Gencorp, Inc.*, 9th Dist. Summit No. 17488, 1996 WL 267747, *5 (May 22,

1996). *See also McGrath v. Mgt. & Training Corp.*, 11th Dist. Ashtabula No. 2001-A-0014, 2001 WL 1602740, *3 (Dec. 14, 2001).

{¶25} B.O. moved to dismiss the complaint on July 29, 2020. Mr. Cleavenger moved for leave to amend the complaint on October 15, 2020, well after the expiration of the twenty-eight-day period provided by Civ.R. 15(A) and approximately three weeks after the trial court granted the motion to dismiss his claims against B.O. The trial court dismissed the remainder of Mr. Cleavenger's claims on October 24, 2020, without ruling on the motion for leave to amend. "When a trial court fails to rule on a pretrial motion, it is presumed that the court overruled it." *State ex rel. Scott v. Streetsboro*, 150 Ohio St.3d 1, 2016-Ohio-3308, ¶ 14, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 223 (1994). Mr. Cleavenger did not append a proposed amended complaint to his motion for leave, so the content of his proposed amendment is unknown. Thus, Mr. Cleavenger did not demonstrate that he could amend the complaint in such a way that the defects identified by the motion to dismiss could be cured.[1] To the contrary, Mr. Cleavenger reiterated his arguments in support of the complaint that had been dismissed and, in effect, he took the position that there were no defects to be cured in the first instance. *Compare McGrath*, 2001 WL 1602740, at *2. Under these circumstances, we cannot agree that the trial court erred by denying Mr. Cleavenger's motion for leave to amend the complaint.

{¶26} Mr. Cleavenger's second assignment of error is overruled.

---

[1] In addition, this Court observes that the defects identified in *State ex rel. Hanson* related to technical matters required to be pleaded in order to state a claim. *See id.* at 550, citing *State ex rel. Executone of Northwest Ohio, Inc. v. Commrs. of Lucas Cty.*, 12 Ohio St.3d 60 (1984). The trial court did not identify similar defects in this case.

**ASSIGNMENT OF ERROR NO. 4**

THE TRIAL COURT ERRED TO THE PREJUDICE OF CLEAVENGER, AND ABUSED ITS DISCRETION, IN RELYING ON EVIDENCE OUTSIDE THE COMPLAINT, IN DISMISSING THE CASE AGAINST [K.T.].

**ASSIGNMENT OF ERROR NO. 5**

THE TRIAL COURT ERRED [AND] ABUSED ITS DISCRETION, IN DISMISSING THE CASE AGAINST [K.T.], IN VIOLATION OF [THE] OHIO CONSTITUTION, 'DUE COURSE OF LAW' [AND] [THE UNITED STATES] CONSTITUTION 'DUE PROCESS OF LAW' PROVISIONS[.]

{¶27} Mr. Cleavenger's fourth and fifth assignments of error argue that the trial court erred by dismissing his claims against K.T. for failure to prosecute. In his fourth assignment of error, Mr. Cleavenger maintains that the trial court incorrectly considered matters outside the complaint. As with his first assignment of error, the record does not demonstrate that the trial court considered matters outside the pleadings. In his fifth assignment of error, Mr. Cleavenger argues that the trial court erred by determining that he had not perfected service upon K.T. This Court does not agree.

{¶28} Civ.R. 4(E) permits the dismissal of a complaint without prejudice upon motion or, with notice to the plaintiff, upon the trial court's own initiative when "service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint" if the plaintiff "cannot show good cause why such service was not made within that period[.]" Alternatively, a trial court may dismiss a complaint with respect to an unserved defendant for failure to prosecute under Civ.R. 41(B)(1). *See Thomas v. Freeman*, 79 Ohio St.3d 221, 224 (1997). In either scenario, the dismissal is without prejudice. *Id.* at paragraph one of the syllabus. This Court reviews a trial court's dismissal under Civ.R. 41(B)(1) for an abuse of discretion. *See Jones v. Hartranft*, 78 Ohio St.3d 368, 371 (1997); *Carter v. Univ. Park Dev. Corp.*, 9th Dist. Summit No. 28356, 2017-Ohio-5795, ¶ 19.

{¶29} The methods that must be used to obtain service of process upon a party are set forth in the Ohio Rules of Civil Procedure. *Hubiak v. Ohio Family Practice Ctr.*, 9th Dist. Summit No. 26949, 2014-Ohio-3116, ¶ 10, citing Civ.R. 4.1 et seq. "The rules are designed to ensure, as much as possible, that parties receive adequate notice." *Id*. Civ.R. 4.1(A)(1)(a) provides that service must be accomplished by certified mail or express mail, evidenced by return receipt signed by any person, unless otherwise provided by the Civil Rules. Civ.R. 4.1(A)(1)(b), however provides that unless the clerk is provided with written instructions requiring service as set forth in Civ.R. 4.1(A)(1)(a), "the clerk may make service of any process by a commercial carrier service utilizing any form of delivery requiring a signed receipt." Civ.R. 4.2(A) provides that service upon an individual sixteen years of age and older must be made by serving the individual. When the residence of a party to be served is unknown, the party requesting service may request service by publication by filing an affidavit that "aver[s] that service of summons cannot be made because the residence of the party to be served is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the party to be served, and that the residence of the party to be served cannot be ascertained with reasonable diligence." Civ.R. 4.4(A)(1).

{¶30} Mr. Cleavenger filed instructions for service upon K.T. that did not specify service in accordance with Civ.R. 4.1(A)(1)(a). He directed the clerk to serve both K.T. and B.O. at the same address. On May 12, 2020, the clerk attempted service by Federal Express upon K.T. at the address that Mr. Cleavenger provided. Federal Express attempted service at that address three times. Between June 9, 2020, and August, 20, 2020, the clerk attempted service on K.T. at three different business addresses provided by Mr. Cleavenger by certified mail and personal service. Although the docket bears a notation that K.T. was successfully

served by certified mail on June 17, 2020[2], notices of failure to obtain service by certified mail at all three different addresses were subsequently docketed. The sheriff also returned service and noted failure after numerous attempts to serve K.T. at the business addresses provided.

{¶31} On September 22, 2020, the trial court ordered Mr. Cleavenger to perfect service upon K.T. or show cause why service was not perfected and notified him that failure to do so would result in dismissal. Mr. Cleavenger responded on October 21, 2020, maintaining that service had been perfected on K.T. and that, in any event, K.T. surely had notice of the complaint because of his relationship with B.O., who had waived service and defended the action. It is clear from the docket, however, that despite repeated attempts to serve K.T. at one residential address and three business addresses, service was not perfected. Further, although Mr. Cleavenger filed a document and accompanying affidavit that purported to instruct the clerk to serve K.T. by publication, he failed to aver that he could not ascertain K.T.'s residence with reasonable diligence, as required by Civ.R. 4.4(A)(1). *See Sizemore v. Smith*, 6 Ohio St.3d 330, 331 (1983). Consequently, the record in this case demonstrates that the trial court did not abuse its discretion by concluding that Mr. Cleavenger failed to perfect service upon K.T. and dismissing his complaint with respect to K.T. in accordance with Civ.R. 4(E) and Civ.R. 41(B)(1).[3]

---

[2] There is no document on the docket that demonstrates that service was actually perfected on this date. *See* Civ.R. 4.1(A)(1).

[3] Mr. Cleavenger appears to suggest that dismissal of his complaint violated the Supreme Court of Ohio's Administrative Order regarding the tolling of deadlines during the COVID-19 public health emergency. *See* 5/15/20 Administrative Actions, 2020-Ohio-2975, https://www.supremecourt.ohio.gov/rod/docs/pdf/0/2020/2020-Ohio-2975.pdf (accessed Feb. 10, 2022) ("Administrative Actions 5/15/20"), and the provisions of Am.Sub.H.B. No. 197, Section 22(A). Mr. Cleavenger has not developed any argument with respect to K.T. related to application of the tolling provisions, and this Court declines to develop one on his behalf. *See Herron v. Herron*, 9th Dist. Summit No. 29683, 2021-Ohio-2223, ¶ 18, citing *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Nonetheless, this

**{¶32}** Mr. Cleavenger's fourth and fifth assignments of error are overruled.

III.

**{¶33}** Mr. Cleavenger's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

---

Court observes that by their terms, those provisions apply to time limitations "that [were] set to *expire* between March 9, 2020, and July 30, 2020[.]" (Emphasis added.) Am.Sub.H.B. No. 197, Section 22(A). *See also* Administrative Actions 5/15/20, Section D.

TEODOSIO, P. J.
SUTTON, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

TODD CLEAVENGER, pro se, Appellant.

LAWRENCE R. BACH, Attorney at Law, for Appellee.

K. T. pro se, Appellee.