[Cite as *Gibson v. Williams*, 2023-Ohio-3760.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| ROBERT E. GIBSON, | **CASE NO. 2023-A-0026** |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the<br>Court of Common Pleas |
| PATRICIA L. WILLIAMS, | |
| Defendant-Appellee. | Trial Court No. 2022 DR 00190 |

**O P I N I O N**

Decided: October 16, 2023
Judgment: Reversed and remanded

*Robert E. Gibson*, pro se, PID# A532-829, Lebanon Correctional Institution, P.O. Box 56, Lebanon, OH 45036 (Plaintiff-Appellant).

*Patricia L. Williams*, pro se, 1127 Forest Avenue, Alliance, OH 44601 (Defendant-Appellee).

MATT LYNCH, J.

{¶1} Plaintiff-appellant, Robert E. Gibson, appeals the dismissal of his Complaint for Annulment for failure to prosecute. For the following reasons, we reverse the decision of the lower court and remand for further proceedings consistent with this Opinion.

{¶2} On May 10, 2022, Gibson filed a Complaint for Annulment against defendant-appellee, Patricia L. Williams.

{¶3} On June 3, 2022, service by certified mail was attempted on Williams at a Warren, Ohio address and returned unclaimed.

{¶4}     On December 1, 2022, a Magistrate's Order issued noting that "[i]t has been six months since the filing of the Complaint" and "[s]ervice has not been perfected." Gibson was allowed 30 days "to show good cause why the Complaint should not be dismissed."

{¶5}     On December 30, 2022, Gibson filed a Motion for Good Cause setting forth the following reasons why the Complaint should not be dismissed:

> 1. When plaintiff filed the complaint 1734 Ogden Avenue, Warren, Ohio 44483 was the last known address Plaintiff had of the defendant.
>
> 2. Plaintiff is an inmate who cannot afford to pay a private investigator to locate defendant Patricia Williams['] whereabouts.  Also when the complaint was filed the defendant changed her phone number and removed herself from jpay, in which plaintiff lost all contact with her up until now.
>
> 3. Just recently defendant contacted plaintiff and sent her number [sic] where I was able to call and receive her new address.

{¶6}     On January 30, 2023, service by certified mail was attempted on Williams at an Alliance, Ohio address and returned unclaimed.

{¶7}     On February 9, 2023, Gibson filed a Written Request for Ordinary Mail Service on Williams at the Alliance address.  Service by ordinary mail was effected on February 13.

{¶8}     On April 6, 2023, the trial court issued a Judgment Entry dismissing the Complaint for Annulment for failure to prosecute.  The Entry stated: "The docket reflects that Robert Gibson has not shown good cause as to why the Complaint for Annulment should not be dismissed.  By Magistrate's Order filed on December 1, 2022 he was given thirty days to show good cause and has failed to do so."

2

Case No. 2023-A-0026

{¶9} On April 27, 2023, Gibson filed a Notice of Appeal. On appeal, he raises the following assignments of error:

> [1.] The trial court erred and abused its discretion in dismissing Appellant's Complaint for Annulment for failure to prosecute where Appellant showed cause why the Complaint should not be dismissed.

> [2.] The trial court erred and abused its discretion in dismissing Appellant's Complaint for Annulment for failure to prosecute where Appellant exercised reasonable due diligence to serve the Complaint upon the Appellee.

{¶10} The assignments of error will be considered jointly.

{¶11} "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *." Civ.R. 3(A). "If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion." Civ.R. 4(E).

{¶12} Alternatively, "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Civ.R. 41(B)(1).

{¶13} Dismissal of a complaint, whether under Civ.R. 4(E) or 41(B)(1), is reviewed for abuse of discretion. *Cleavenger v. B.O.*, 2022-Ohio-454, 184 N.E.3d 968, ¶ 31 (9th Dist.); *Troxel v. Mabe*, 12th Dist. Clermont No. CA2008-02-018, 2008-Ohio-5420, ¶ 8. Likewise, under either Rule the dismissal for failure to obtain service is without prejudice,

3

i.e., "otherwise than on merits." *Thomas v. Freeman*, 79 Ohio St.3d 221, 680 N.E.2d 997 (1997), paragraph one of the syllabus.

{¶14} In the present case, neither the Magistrate's Order for Gibson to show cause nor the Judgment Entry dismissing the complaint specified the Rule under which the Complaint was being dismissed. *Id.* ("[s]ince Civ.R. 4(E) allows a plaintiff to show good cause why his or her case should *not* be dismissed, the lack of a showing of good cause is the equivalent of a failure to prosecute").

{¶15} We find the dismissal of the Complaint to be an abuse of discretion. Gibson complied with the Magistrate's Order to show cause for not dismissing the Complaint within 30 days of the Order. Gibson, an inmate, did attempt service within six months of the filing of the Complaint at Williams' last known address. Gibson further advised the trial court that he had been contacted by Williams and anticipated learning her current address. As noted above, it is unclear from the Entry dismissing the Complaint whether the court considered or was aware of Gibson's cause for failing to perfect service.

{¶16} About thirty days after the filing of the Motion for Cause, Gibson attempted service by certified mail on Williams at a new address and about two weeks after the second attempted service by certified mail completed service by ordinary mail. *See* Civ.R. 4.6(D). Thus, at the time the trial court dismissed the Complaint, service had been perfected upon Williams within the time allowed by Civ.R. 3(A). At this point, there was little justification for dismissal inasmuch as Gibson had shown cause for not obtaining service within six months of filing the Complaint and had shown diligence in obtaining service. *Compare Briggs v. Glenbeigh Health Servs.*, 8th Dist. Cuyahoga Nos. 77395 and 77665, 2000 WL 1754008, *4 ("[w]e do not believe that Civ.R. 4(E) is meant to be

4

used as a vehicle to dismiss cases once service has been properly perfected, but rather is intended to apply to those situations where there is no service and where the plaintiff has been dilatory in attempting to obtain service on a defendant").

{¶17} The sole assignment of error is with merit.

{¶18} For the foregoing reasons, the Judgment of the Ashtabula County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this Opinion. Costs to be taxed against the appellee.

EUGENE A. LUCCI, J.,

ROBERT J. PATTON, J.,

concur.

5