[Cite as *Frankowski v. Mahl*, 2024-Ohio-1202.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

DAVID E. FRANKOWSKI

    Appellant

    v.

CRISTINA M. MAHL

    Appellee

C.A. No.    2023CA0038-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    22CIV0708

DECISION AND JOURNAL ENTRY

Dated: March 29, 2024

---

STEVENSON, Presiding Judge.

**{¶1}** Appellant David E. Frankowski appeals from the judgment of the Medina County Court of Common Pleas granting summary judgment in favor of Appellee Cristina M. Mahl. This Court affirms.

I.

**{¶2}** Mr. Frankowski filed a two-count complaint against Ms. Mahl in the Medina County Court of Common Pleas on September 1, 2022. The first count of the complaint set forth a claim for libel and slander. Mr. Frankowski alleged in the first count that, "[o]n or about June 15, 2020 through November 30, 2020, [Ms. Mahl], began making unfounded statements that [he] was engaging in retail theft;" and that, "[o]n or about November 6, 2020 through February 28, 2021, [Ms. Mahl] continued to contact [Brunswick Hills Police Department] for the sole purpose of filing false reports against [him][.]"

{¶3}    The second count of the complaint alleged intentional infliction of emotional distress. Mr. Frankowski alleged that Ms. Mahl's defamatory conduct caused him serious emotional distress.

{¶4}    Ms. Mahl denied the material allegations of Mr. Frankowski's complaint and set forth several affirmative defenses, including a statute of limitations defense. Along with her answer, Ms. Mahl filed a Civ.R. 12(B)(6) motion to dismiss that Mr. Frankowski opposed. The trial court denied the motion to dismiss, giving the parties time to file dispositive motions.

{¶5}    Ms. Mahl filed a motion for summary judgment arguing that Mr. Frankowski's libel and slander claim was subject to the one-year statute of limitations in R.C. 2305.11(A). Because his intentional infliction of emotional distress claim was based upon the same conduct as the libel and slander claim, Ms. Mahl argued that this claim was also subject to a one-year statute of limitations. Based on the allegations of the complaint, Ms. Mahl argued that the statute of limitations began to run on February 28, 2021, the last date that she allegedly made defamatory statements. Mr. Frankowski did not file his complaint until September 1, 2022. Mr. Frankowski responded in opposition, arguing that Ms. Mahl's actions are continuing in nature and that Ms. Mahl failed to meet her Civ.R. 56(C) burden.

{¶6}    The trial court granted Ms. Mahl's motion for summary judgment, finding that Mr. Frankowski's claims were subject to a one-year statute of limitations and that he failed to timely commence action against Ms. Mahl. Mr. Frankowski appeals asserting two assignments of error for review.

I.

## ASSIGNMENT OF ERROR 1:

**THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DISMISSED THE CASE WITH PREJUDICE CLAIMING IT WAS TIME BARRED.**

**{¶7}** Mr. Frankowski argues in his first assignment of error that the trial court improperly granted summary judgment on grounds that his complaint was time-barred. Mr. Frankowski argues that Ms. Mahl's conduct commenced on or about June 15, 2020, and is continuing in nature.

**{¶8}** We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is only appropriate where (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. Civ.R. 56(C). Before making such a contrary finding, a court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358–359 (1992).

**{¶9}** Summary judgment consists of a burden-shifting framework. To prevail on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. *See Id.*; *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 114 (1998). Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a

"genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996); *Mitseff* at 115 ("Requiring that the moving party provide specific reasons and evidence gives rise to a reciprocal burden of specificity for the non-moving party."). If the nonmoving party fails to respond with a supporting "affidavit or as otherwise provided in [Civ.R. 56]," then "summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E); *Dresher* at 293; *Mitseff* at 115.

{¶10} Ms. Mahl argued in her motion for summary judgment that Mr. Frankowski's libel and slander claim was time-barred pursuant to R.C. 2305.11(A) and that, because the intentional infliction of emotional distress claim was based upon the alleged libel and slander, the one-year statute of limitations was also applicable to that claim. Based on the allegations of the complaint, Ms. Mahl argued that the last date she made alleged defamatory statements was February 28, 2021, and that, therefore, the last date for Mr. Frankowski to file his complaint was February 28, 2022.

{¶11} Mr. Frankowski argued in opposition that Ms. Mahl's defamatory conduct is continuing in nature and that his claims are not time-barred. Mr. Frankowski did not respond with an affidavit or other supporting evidence required by Civ.R. 56(E). Mr. Frankowski failed to counter Ms. Mahl's motion with any evidence of the type contemplated in Civ.R. 56 and failed to raise an issue of material fact. Therefore, this Court's determination turns on whether the grant of Ms. Mahl's summary judgment was appropriate under Ohio's statute of limitations statute.

{¶12} Mr. Frankowski asserts a libel and slander defamation claim in the first count of his complaint. It is undisputed that the one-year statute of limitations set forth in R.C. 2305.11(A) applies to defamation claims. R.C. 2305.11(A) provides that "[a]n action for libel, slander * * * shall be commenced within one year after the cause of action accrued * * *." Mr. Frankowski asserts an intentional infliction of emotional distress claim in the second count of his complaint.

As this Court recognized in *Cleavenger v. B.O.*, 9th Dist. Summit No. 29875, 2022-Ohio-454, ¶ 16, an intentional infliction of emotional distress claim is ordinarily subject to a four-year statute of limitations. "When the essential character of a claim for intentional infliction of emotional distress consists of conduct that is, in substance, another tort, the statute of limitations for the other tort governs." *Id.* Specifically, "[w]hen a claim for intentional infliction of emotional distress is based upon conduct actionable as a claim for defamation, the one-year statute of limitations applies." *Id.* Mr. Frankowski's intentional infliction of emotional distress claim is based upon the same allegations that are the basis for his libel and slander claim. Accordingly, the intentional infliction of emotional distress claim was also subject to the one-year statute of limitations.

{¶13} The complaint alleges that "[o]n or about June 15, 2020 through November 30, 2020, [Ms. Mahl], began making unfounded statements that [Mr. Frankowski] was engaging in retail theft;" and that "[o]n or about November 6, 2020 through February 28, 2021, [Ms. Mahl] continued to contact [Brunswick Hills Police Department] for the sole purpose of filing false reports against [him][.]" Based on the complaint, the latest date upon which Mr. Frankowski's libel and slander claim could have accrued was February 28, 2021. To avoid being barred by R.C. 2305.11(A), Mr. Frankowski had to commence action against Ms. Mahl by February 28, 2022. As his intentional infliction of emotional distress claim is grounded in the same allegations that are the basis for the libel and slander claim, Mr. Frankowski had until February 28, 2022, to also assert his intentional infliction of emotional distress claim against Ms. Mahl. *Cleavenger* at ¶ 16. Mr. Frankowski did not file his complaint against Ms. Mahl until September 1, 2022. Mr. Frankowski's claims are time-barred as they were filed outside the applicable one-year statute of limitations.

{¶14} The trial court was correct in granting summary judgment in favor of Ms. Mahl. Mr. Frankowski's first assignment of error is overruled.

**ASSIGNMENT OF ERROR 2:**

**THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DISMISSED THE CASE WITH PREJUDICE AND FAILED TO CONSIDER THE DISCOVERY RULE.**

{¶15} Mr. Frankowski argues in his second assignment of error that the trial court failed to properly consider the discovery rule. Mr. Frankowski never argued in the lower court that the discovery rule applied and that it tolled the running of the applicable statute of limitations. "It is well-settled that this Court will not address arguments for the first time on appeal." *State v. Williamson*, 9th Dist. Summit No. 29935, 2022-Ohio-185, ¶ 31. This Court has recognized that the failure to raise the discovery rule to the trial court constitutes a waiver and, as such, it cannot be raised for the first time on appeal. *Madvad v. Russell*, 9th Dist. Lorain No. 96CA006652, 1997 WL 760898, *2 (Nov. 19, 1987). *Accord Tchankpa v. Ascena Retail Group, Inc.*, 10th Dist. Franklin No. 19AP-760, 2020-Ohio-3291, ¶ 16 ((Emphasis added.) "Insofar as appellant seeks to raise for the first time on *appeal* the discovery rule and waiver of the statute of limitations defense, appellant has waived those arguments.").

{¶16} As the discovery rule was never previously raised by Mr. Frankowski and was not addressed by the trial court, Mr. Frankowski's second assignment of error is not properly before this Court on appeal and is therefore overruled

III.

{¶17} This Court overrules the first assignment of error. The argument presented in the second assignment is not properly before this Court on appeal and is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
SCOT STEVENSON
FOR THE COURT


SUTTON, J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

DAVID E. FRANKOWSKI, pro se, Appellant.

DAVID L. MCARTOR, KRISTOPHER K. AUPPERLE, and BRADLEY A. NOVAK, Attorneys at Law, for Appellee.